[Criminal No. 73.   Filed April 15, 1893.]

[33 Pac. 1024.]

UNITED STATES OF AMERICA, Plaintiff and Respondent, v. JEFFERSON WILSON, Defendant and Appellant.

1. CRIMINAL LAW—INSTRUCTIONS—DUTY OF COURT TO INSTRUCT.—On the trial of a murder case, evidence having been admitted of conversations between other persons, in the absence of the defendant, on the theory of conspiracy, without which evidence there was nothing to support a verdict of guilty, and defendant's request for an instruction defining "conspiracy" having been refused as faulty, the court should have instructed the jury as to what constitutes "conspiracy."

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Joseph H. Kibbey, Judge. Reversed.

The facts are stated in the opinion.

O. T. Rouse, and W. M. Lovell, for Appellant.

Thomas F. Wilson, U. S. District Attorney, for Respondent.

GOODING, C. J.—The defendant was convicted of the crime of murder, and the sentence was death. On the trial of the case evidence was admitted of conversations between other persons in the absence of the defendant. This evidence was admitted on the theory of conspiracy, and was of a kind

and in its nature very damaging to the defendant. Without this evidence there was nothing to support the verdict of guilty. The defendant asked an instruction defining "conspiracy." This instruction, taken as a whole, may have been faulty, though this we do not affirm. It was refused, and no instruction was given by the court undertaking to inform the jury what was necessary to establish conspiracy. The jury were left to consider evidence from which they might infer conspiracy without being instructed as to what was conspiracy in legal contemplation. We think, the instruction of the defendant having been refused, the court should have instructed the jury on this point. Further, we have carefully considered the entire evidence, and think it is not strong enough to support a judgment and sentence, even after verdict. We reach this conclusion after giving full weight to the action of the jury and the court. It is our opinion that the judgment and verdict should be set aside and the cause remanded for a new trial.

Wells, J., and Sloan, J., concur.