[Civil No. 370.    Filed April 15, 1893.]

[77 Pac. 618.]

## DON YAN, Plaintiff in Error, .v. AH YOU, Defendant in Error.

1. TORTS—DEATH FROM WRONGFUL ACT—ACTION FOR DAMAGES—STATUTORY—REV. STATS. ARIZ. 1887, PAR. 2145.—A suit brought by the administrator of the estate of decedent, for the benefit of the widow and children, for damages resulting from his death, caused by the alleged wrongful act of appellant, is a statutory action, and the right to recover must be found within the provisions of the statute, *supra.*

2. SAME—SAME—SAME—INSTRUCTIONS—LIABILITY FOR ACTS OF AGENT—REV. STATS. ARIZ. 1887, PAR. 2145, CONSTRUED.—In an action for damages on account of injuries causing death, under statute, *supra,* providing that such actions may be brought "(1) When the death of any person is caused by the negligence of the proprietor . . . of any railroad . . . or other vehicle for the conveyance of

goods or passengers; or by the unfitness, gross negligence, or carelessness of their servants or agents; (2) When the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another," instructions in effect that defendant was liable whether the negligence or default was his own or that of a partner or co-owner is error, it clearly appearing that he was not one of the persons mentioned in clause 1, *supra,* and it being the intention of the legislature to classify persons liable into those liable for their own acts, as well as those of their servants and agents, and those liable for their own neglect or wrongful act only.

WRIT OF ERROR from a judgment of the District Court of the First Judicial District in and for the County of Pima. Richard E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

Barnes & Martin, for Plaintiff in Error.

C. W. Wright, for Defendant in Error.

KIBBEY, J.—This was a suit by the administrator of the estate of Ah You, deceased, for the benefit of the widow and children of the deceased, for damages resulting from his death, caused by the alleged wrongful act of the appellant. There was a verdict for defendant in error.

There was evidence that Ah You and two or three others were co-owners of a drove of hogs; that among them was a vicious boar; that the hogs were kept and fed in a field through which ran an irrigating ditch; that the deceased had occasion to go into the field to clean out the ditch, so that it would serve to carry water to his garden, for the irrigation of which the ditch was constructed, and was attacked by the boar and received injuries from which he died; that the hogs were in charge of one of the co-owners, but not of the defendant; that the defendant had knowledge that the hog was vicious. There was a sharp conflict of evidence on most of these points.

The wrongful act complained of was the keeping of the boar by defendant after knowledge of his viciousness.

The court instructed the jury that if they believed from the evidence that the deceased was attacked and killed by the boar without fault on his part; that the boar was dangerous and known to be so by those in charge of him; that at the

time the boar attacked the deceased he was the property of the defendant, in whole or in part; and that the deceased left a widow and children surviving him, they should find for the plaintiff. The court further instructed the jury that "Before you can find for the plaintiff on the fourth proposition, —that is to say, that the boar at the time he attacked Ah You was the property of defendant either in whole or in part,—you must first believe from the evidence that the defendant, Don Yan, had a moneyed interest in the said boar. If you shall believe from the evidence that the said boar was at the time of his attack upon said Ah You the property of the defendant, or that said boar at said time was the property of a copartnership in which the defendant was at said time a member, or in which he had at said time an interest in the profits of said copartnership, although you may believe that he was not an active member thereof, then your verdict will be for the plaintiff as to this issue."

There were other instructions on the subject, but they need not be quoted at length. They were in effect that the defendant below was liable in this action whether the negligence or default was his own or that of a partner or co-owner.

Defendant in error (plaintiff below) cites many cases to the general proposition that the principal is liable for the negligent acts of the agent, and urges that upon the authority of those cases the instruction of court to the jury was correct.

The action at bar, however, is statutory, and the right to recover must be sought within its provisions.

The statute provides: "Section 1. An action for actual damages on account of injuries causing the death of any person may be brought in the following cases: 1. When the death of any person is caused by the negligence of the proprietor, owner, charterer, or driver of any railroad, steamboat, stage-coach, or other vehicle for the conveyance of goods or passengers; or by the unfitness, gross negligence or carelessness of their servants or agents; 2. When the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another."

The right of action in this case, if given at all, is given by the second clause above quoted. The omission in that clause to impose liability for negligence, etc., of servants or agents is significant. The statute clearly makes a classification of

the cases in which a right of action is given, and the only distinction between the two classes is, that in one class persons are liable for their own, and as well the negligence of their servants and agents; while in the other persons are liable for their own neglect or wrongful act only. To insert into the second clause .by construction the provisions that those included in that class shall be liable for their own negligence and that of their servants and agents at once destroys the classification which was so evidently intended by the legislature, and practically eliminates the first clause of the section from the statute, for then those mentioned in the first clause would be included within those in the second.

The familiar rule of statutory construction requires that we shall give effect to both clauses if it can reasonably be done. Giving to the language of the statute its very plain meaning, and limiting ourselves to that, we are of the opinion that no persons in this territory, except those described in the first clause of the section we have quoted, are liable for damages for injuries resulting in death caused by the negligence or wrongful act of servants or agents.

The plaintiff in error is not one of those persons; hence if in fact the death of plaintiff's intestate was caused not by neglect of the defendant, but by his agents, he is not liable.

The instructions are therefore erroneous, and, there being a sharp conflict of evidence as to the facts, prejudicial to the plaintiff in error.

Our statute is an exact rescript of the Texas statute on the same subject. The supreme court of that state recently in construing that statute came to the same conclusion to which we arrive. *Hendrick* v. *Walton,* 69 Tex. 193, 6 S. W. 749. And the circuit court of appeals for the fifth circuit follows the same construction. *Archer* v. *Cabell,* 50 Fed. 818. The judgment will therefore be reversed and the cause remanded to the lower court, with direction to grant a new trial.