CLAUDE NOLAN, *Plaintiff in Error,* v. A. J. MOORE, *Defendant in Error.*

Opinion Filed June 10, 1920.

Petition for Rehearing Granted October 14, 1920.

1. The common law afforded no right of action to any one for damages resulting from the death of a person caused by the wrongful act, negligence or default of another, and statutes giving such rights should not by arbitrary construction be extended to include classes of cases not within the meaning of the language used.

2.  While Chapter 6487 is remedial in its nature and it should be so construed as to afford the remedy clearly designed, yet the statute should not by judicial construction be extended to include rights of action that are not within the lawmaking intent as shown by the language used.

3.  The Legislature uses such language as it chooses in enacting laws, and the courts have no power to add to or take from the lawmaking intent as expressed in the language used, considered in view of the object sought to be attained.

4.  Statutes imposing new liabilities should be strictly construed.

5.  Chapter 6487, Acts of 1913, gives a new right of action, and by the language used therein does not make an individual liable in damages to a parent for the death of a minor child caused by the negligence of the employee of such individual.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*Marks, Marks & Holt,* for Plaintiff in Error.

*W. K. Jackson* and *N. P. Bryan,* for Defendant in Error.

WHITFIELD, J.—In this action, brought under Section 3147 of the General Statutes, 1906, amended by Chapter 6487, Acts of 1913, the declaration alleges the wrongful death of the plaintiff's twelve-year-old minor son, caused by being struck by an automobile driven by defendant's employee, the negligence alleged in several counts being that the car was being propelled and driven "at a high, reckless, unsafe and unlawful rate of speed" on the high-

way; that defendant's employee driving the car "failed to exercise proper diligence in watching out for pedestrians on said public highway"; and that the driver "failed to sound a horn or give other warning of the approach" of the automobile. The damages claimed are $5,000.00 for loss of services of the minor child, and $5,000.00 for the mental pain and suffering of the decedent's parents.

A demurrer to the declaration was overruled and trial was had on pleas of not guilty and of contributory negligence of the decedent. Upon the rendering of a verdict and judgment for $10,000.00 damages, a remittitur of $2,500.00 was noted by plaintiff's attorney. On writ of error the defendant below contends that the statute is not applicable to this class of cases, and that numerous errors of procedure occurred at the trial.

A determination of the meaning, intent and effect of Section 3147, General Statutes, 1906, as amended by Chapter 6487, Acts of 1913, is the primary consideration. The statute is as follows:

"Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any individual, or by the wrongful act, negligence, carelessness or default of any private association of persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employee of any private association of persons, acting in his capacity as such officer, agent or employee, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any officer or agent, or employee of any corporation acting in his capacity as such officer, agent or employee, the father of such minor child, or if the father be not

living, the mother, may maintain an action against such individual, private association of persons, or corporation, and may recover, not only for the loss of services of such minor child, but, in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess." Note the differences between this statute and Lord Campbell's Act, 17 C. J. 1184; Tiffany Wrongful Death, Sec. 21; 8 R. C. L. 724; 17 C. J. 1230.

The common law afforded no right of action to any one for damages resulting from the death of a person caused by the wrongful act, negligence or default of another. 7 Labbatt on Master and Servant, §2635; 8 R. C. L. 719 *et seq.;* 17 C. J. 1181; Flanders v. Georgia Southern & F. R. Co., 68 Fla. 479, 67 South. Rep. 68. Statutes giving such rights should not by arbitrary construction be extended to include classes of cases not within the meaning of the language used.

While the statute is remedial in its nature and it should be so construed as to afford the remedy clearly designed, yet the statute should not by judicial construction be extended to include rights of action that are not within the law-making intent as shown by the language used. The Legislature uses such language as it chooses in enacting laws, and the courts have no power to add to or take from the lawmaking intent as expressed in the language used, considered in view of the object sought to be attained. Jacksonville Electric Co. v. Bowden, 54 Fla. 461, text 464, 45 South. Rep. 755, 15 L. R. A. (N. S.) 451; Escambia County v. Blount Const. Co., 66 Fla. 129, 62 South. Rep. 650; 17 C. J. 1193. Statutes imposing new liabilities should be strictly construed. 36 Cyc. 1180; 26 Am. & Eng. Ency. Law (2nd Ed.) 668;

101 U. S. 557, 25 R. C. L. 1956; *et seq.;* 183 Fed. 356; 50 A. S. R. 334; 6 Fla. 25, 33; 11 Fla. 111; 50 Fla. 251, 262; 2 Lewis' Suth. Stat. Const. Secs. 573, 710.

While the statute in plain terms gives a right of action against "any private association of persons" and against "any corporation" where the wrongful death is caused "by the wrongful act, negligence, carelessness or default of any officer or agent or employee" of the private association or persons or of the corporation, the statute in equally plain terms provides that when the wrongful death is caused by "any individual" the right of action is against "such individual." In express terms the statute provides for the operation of the doctrine of *respondeat superior* in cases of "private associations of persons" and of "corporations," and entirely omits such a provision when the right of action is given in separate specific terms against "any individual." See 8 R. C. L. p. 773; Missouri, K. & T. R. Co. of Texas v. Freeman, 97 Tex. 394, 79 S. W. Rep. 9, 1 Ann. Cas. 481; 4 Ariz. 108, Pulom v. Jacob Dodd Packing Co., 182 Fed. Rep. 356; 17 C. J. 1230.

The statute in plain and explicit terms defines separately the liability of "any individual," "any private association of persons" and "any corporation." A private association of persons and a corporation are definitely made liable to an action for damages for the death of any minor child that is caused "by the wrongful act, negligence, carelessness or default of any officer, agent or employee" of such private association of persons or corporation, when "acting in his capacity as such officer, agent or employee." An individual, in distinct terms, is made liable to an action for damages only "whenever the death of any minor child shall be caused by the wrongful

act, negligence, carelessness or default of the individual. There may be a reason for making individuals liable only for their own wrongful act, negligence, carelessness or default in causing the death of a minor child, while private associations of persons and corporations are made liable for the delict of their officers, agents and employees in the premises. Corporations act only through officers, agents or employees, and private associations of persons may and perhaps usually do act through officers, agents or employees. Dangers arising from such wrongful acts and defaults may be greater from the employees of associations and corporations selected and looked after by those having a divided responsibility in the mater. See Bryant v. Welles, 65 Fla. 355, 61 South. Rep. 748, Ann. Cas. 1915C 1143.

Whatever may have been the legislative conception that induced the selection and formula of the language used in the statute, it is entirely clear that the verbal construction of the law plainly manifests an intent to make individuals as such liable to an action for damages only for their wrongful act, negligence, carelessness or default that causes the death of a minor child. 17 C. J. 1231; 55 L. R. A. 869 . Even if this intent can fairly be regarded as showing an arbitrary and unjust discrimination in favor of individuals so as to affect the constitutional validity of the act, such result, however undesirable it may be, does not authorize the court to in effect enact law by adding to the statute a provision clearly excluded by the Legislature from the enactment. If individuals are made liable to an action for damages for the specified torts of their employees when there was no liability at common law and when the statute imposing the liability stated therein explicitly withholds it from individuals as to the delict of their employees, it would

be done by judicial legislation and not by a judicial ascertainment of the intent of the statute as it was enacted.

In McKinney v. Adams, 68 Fla. 208, 66 South. Rep. 988, Ann. Cas. 1917 B 326, L. R. A. (N. S.) 1915D, 442, the action was brought under Section 3145, General Statutes, 1906, and the negligence alleged was that of the defendant individual. See Asher v. Cabell, 50 Fed. Rep. 818. The Florida statute is essentially different from Lord Campbell's Act, 8 R. C. L. 724; 17 C. J. 1184, 1230; 77 Pac. 618.

As neither the common law nor the statute gives to a parent a right of action against an individual for the tort of his employee in causing the wrongful death of a minor child, the judgment must be, and is hereby, reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, ·J. J., concur.