W. A. DUTCH, *Appellant*, v. PALM BEACH BRIDGE DISTRICT, AND H. N. GAINES, J. M. CROMER, GUS JORDAHN, GEO. A. LONG AND HECTOR HARRIS, AS COUNTY COMMISSIONERS OF PALM BEACH COUNTY, FLORIDA, *Appellees*.

Opinion Filed October 28, 1922.

1. The terms of a statute will not be extended by the courts beyond the import of the language used.

2. Chapter 7974 Acts of 1919, does not authorize a third bond issue for the construction of the bridges and highways mentioned therein.

An Appeal from the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Reversed.

*S. C. Kearley*, for Appellant;

*H. L. Bussey*, for Appellees.

WHITFIELD, J.—It appears that Chapter 7974 Acts of 1919, created a special taxing district called "Palm Beach Bridge District," and authorized the issuance of bonds to build a bridge across Lake Worth with suitable highway approaches; that under sections 3 to 6 of the Act, an election was held in the district authorizing $250,000.00 of bonds to be issued for the said statutory purpose, which bonds were issued and sold and the proceeds used, and under section 12 of the Act another election was held in the district authoriizng $135,000.00 of bonds to be issued for the same purpose, which bonds were likewise sold and used. Subsequently another issue of $100,000.00 of bonds was authoriezd by an election held in the district to be used for the same purpose. The last issue of bonds was validated by the circuit judge and an appeal was taken from the validating decree.

Section 12 of the Act under which the third issue of bonds is sought to be justified is as follows: "If the proceeds of the said issue of bonds shall not be sufficient to procure and pay for the said site or sites and right-of-way and for the construction of the said bridge and highway, then said Board of County Commissioners may call and order another election to determine whether or not additional bonds of said district shall be issued to complete such work; and the said election shall be called, held and conducted and the bonds authorized at said election shall be sold and the proceeds thereof used and employed, as hereinbefore provided for the holding of the first election, and the issuance, disposal and use of the proceeds of said bonds."

The contention is that the purpose of the Act is to provide for the completion of the bridge and the highway approaches thereto, and that section 12 therefore contem-

plates more than two bond issues if needed to complete the purpose designated . But the terms of statutes of this character cannot be extended by the courts beyond the import of the language used; and the terms of the statute plainly contemplate one issue of bonds, and if that "shall not be sufficient," then "another election" may be had "to determine whether or not additional bonds of said district shall be issued to complete such work." This clearly is a provision for only one additional bond issue for the designated purpose. The third issue was not authorized by the statute, therefore the validating decree is erroneous.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.