H. W. McCay, *Appellant*, v. Vernon C. Seaver, *Appellee.*

Division B.

Opinion filed October 18, 1929.

Petition for rehearing denied November 13, 1929.

*McCay & Holcomb*, for Appellant;

*E. F. P. Brigham*, for Appellee.

Buford, J.—The appellant exhibited his bill of complaint in the Circuit Court of Dade County seeking to require the defendant to specifically perform an alleged contract for the purchase of certain real estate. A demurrer being interposed to the bill of complaint was sustained. Whereupon an amended bill of complaint was filed and a demurrer thereto. was sustained. Thereafter, a second amended bill complaint was filed. A demurrer was interposed thereto and was sustained and the bill of complaint dismissed.

From this order appeal was taken. The language used by the court in sustaining the demurrer was, ''The court finds that the exhibits attached to the complainant's original bill of complaint, the amended bill of complaint and the second amended bill of complaint do not constitute a contract between the parties which could be specifically enforced in equity.''

In the case of Merrill v. Barnes, 94 Fla. 882, 114 So. R. 527, this Court say:

''Applications to enforce specific performance of contracts for the sale of land are addressed to the sound judicial discretion of the chancellor, such discretion to be controlled by the principles of law and equity as applied to the facts and circumstances of the particular case, and when thus controlled his decision will not be disturbed on appeal unless clearly erroneous. (Dixie Naval Stores Co. v. German-American Lumber Co., 76 Fla. 339, 70 So. R. 836; Chabot v. Winter Park Co., 34 Fla. 258, 5 So. R. 756; Richardson v. Varn, 80 Fla. 517, 86 So. R. 503; Murphy v. Hohne, 73 Fla. 803, 74 So. R. 973, cited.) Gautier v. Bradway, 87 Fla. 93, 99 So. R. 879.''

The complainant relied upon certain letters interchanged between the parties as constituting the contract. The letters exhibited in the instant case failed to constitute a binding contract between the parties as they failed to show that the minds of the parties ever met in agreement as to the terms and conditions of the purchase and sale.

In the case of Webster Lbr. Co. v. Lincoln, 94 Fla. 1097, 115 So. R. 498, this Court say:

''A complete contract may be gathered from letters, writings and telegrams between the parties, relating to

the subject matter of the contract, and so connected with each other that they may be fairly said to constitute one paper.

"In order that there be a contract, the parties must have a definite and distinct intention, common to both, and without doubt or difference. Until all understand alike, there can be no assent and, therefore, no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms.

" 'In order to create a contract it is essential that there should be a reciprocal assent to a certain and definite proposition, and so long as any essential matters are left open for further consideration, the contract is not complete, and the minds of the parties must assent to the same thing at the same time.' Strong, etc., Co. v. Baars, 60 Fla. 253, 54 So. R. 92."

The writings relied upon being insufficient to meet the requirements of the rule as enunciated by this Court and discussed in the opinions above referred to, the order of the chancellor should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD,.P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.