STATE *ex rel.* J. THOMAS WATSON, Attorney General, Plaintiff, v. THOMAS M. BIGGER, J. S. GILLENTINE, R. V. LEE, J. D. LYNN and R. W. RANDELL, Defendants.

200 So. 224
Division A
Opinion Filed February 4, 1941

*Giles J. Patterson, J. Tom Watson,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for Relator;

*F. Lynn Gerald,* for Respondents.

ADAMS, J.—Here the Attorney General comes into this Court and challenges the right of the respondents to hold office as Supervisors of Iona Drainage District.

The answer of the respondents presents for consideration Section 1, Chapter 17993, Acts of 1937, reading as follows:

"That the Board of Supervisors of Iona Drainage District in Lee County, State of Florida, shall call a public meeting of the owners of the land situated in said district to be held at a day and hour in the month of March, A. D. 1938, which time shall be specified in the notice of such meeting, to be held in the Courthouse in the City of Fort Myers, Florida, for the election of a board of five (5) supervisors of said district to be composed of owners of land in said district, three (3) of whom, at least, shall be residents of Lee County, Florida. Notice of such meeting shall be given by publication for two (2) weeks, once each week, in the Fort Myers News-Press, a newspaper printed and published in Lee County, Florida, and by posting a notice thereof in three (3) public places in each of the zones hereinafter men-

tioned. The owners of such land when assembled shall organize by the election of a chairman and secretary of the meeting, who shall conduct the election; at such election each and every acre of land in the district shall represent one (1) share, and each owner shall be entitled to one (1) vote, in person or by written proxy signed, for each acre of land owned by him in such district; and there shall be one (1) supervisor elected from each of the five (5) zones, as set forth and designated in Chapter 17071, Laws of Florida, Acts of 1935, and such supervisor from each of said zones shall own land in the zone for which he is elected; and the person in each zone which receives the highest number of votes cast by the owners of land in such zone shall be declared as supervisor in such zone, and the term of office of each supervisor so elected shall be as follows: Zones 1 and 2 for one (1) year, zones 3 and 4 for two (2) years, and zone 3 for three (3) years, and at the expiration of such terms of office their successors shall be elected for a term of three (3) years each, all such officers shall serve until their successors are duly elected and qualified."

It is claimed that we cannot determine the intent of the Legislature as to the term of office of the supervisor on District No. 5. Courts are reluctant to vitiate legislative Acts because they may be vague and indistinct, and when the intent can be gleaned from the entire Act the Court will uphold it.

The obvious purpose of the Legislature in the passage of the 1937 Act was to insure local representation in each of the five zones in the district and at the same time to stagger the expiration of the terms of office of the several supervisors. Nolan v. Moore, 81 Fla. 594, 88 So. 601.

The Act in express terms provided for the execution of that purpose as to Zones 1, 2, 3 and 4, and when it came to

Zone .5, there was simply a misprision or typographical error.

Statutes should be construed to make effective the legislative purpose and intent rather than defeat same. State v. Rose, 98 Fla. 710, 122 So. 225.

It is therefore our conclusion that the Act in question is good, and that the term of office of the supervisor from Zone 5 is for a period of three years, as intended by said Act.

It is the order that the writ herein be and the same is hereby quashed.

BROWN, C. J., BUFORD and WHITFIELD, J. J., concur.