**R. C. LOHMEYER, and his wife, MRS. R. C. LOHMEYER, v. ROSS WILLIAMS, et al, and LETA S. DAWSON.**

37 So. (2nd) 419  
November 12, 1948

June Term, 1948  
En Banc

*Cleveland, Sibley & Davis, Montague Rosenberg,* and *J. C. Howell,* for petitioners.

*Hoffman & Durant,* for respondents.

BARNS, J.:

This matter is on certiorari to review a circuit court judgment which affirmed on appeal a judgment of the Civil Court of Record.

The plaintiff-appellee, Dawson, a real estate broker, sued the defendant-appellant, Lohmeyer, for services alleged to have been rendered on or about June 15, 1946, in finding a purchaser ready, able and willing to buy the Lohmeyer property. Plaintiff alleges that Lohmeyer had listed the property with her.

The listing was solicited by the plaintiff, or her agent, who procured one Burke, interested in purchasing.

About June 17, 1946, the plaintiff caused to be tendered to the defendant a proposed contract of purchase and sale signed by Milton M. Burke, as purchaser, and a check for $2000, payable to "Leta S. Dawson, Escrow Agent," also an inventory of furniture which Lohmeyer was requested to acknowledge by signing, as a condition of the offer and as a part of the consideration for the sales price of $35.000. The tendered contract called for closing within thirty days.

Lohmeyer refused the tendered offer on the ground that (1) the inventory contained items of furniture which were not to be included in the sale; (2) because the check was made payable to the broker instead of to him; and (3) because the closing date was thirty days instead of September 15, 1946, as previously specified by him.

Since there is evidence without conflict supporting the petitioner as to (1) and (2) supra and only slight conflict as to (3) supra, it appears that the certiorari should be, and same is hereby, granted, and the judgment of the Civil Court of Record and the Circuit Court judgment of affirmance are quashed and the cause remanded to the Civil Court of Record for further proceedings.

TERRELL, ADAMS and SEBRING, JJ., concur.

HOBSON, J., concurs specially.

THOMAS, C. J., and CHAPMAN, J., dissent.

HOBSON, J., concurring specially:

I concur in the opinion prepared by Mr. Justice BARNS.

On page 22 of the transcript of record filed in this Court we find that Mr. Lohmeyer, one of the petitioners herein, testified as follows:

"Q. After this had been delivered to the purchaser or the broker who signed it, was it ever tendered back to you signed by the purchaser?

"A. Mrs. Dawson came back to my office; I think it was on a Thursday, about five o'clock.

"Q. In the afternoon?

"A. Yes, sir; and she brought this contract along, with an inventory of the furniture and furnishings that she contended was to go with the house. I noticed at that time that there was this change for a thirty-day closing instead of the way it had originally been written, for possession until September 15, 1946, and I *noticed* a *lot* of *things included* in the inventory that there was no understanding on my part to be included in the sale. We were willing to let practically all of the furniture go, and the only thing was she *included* a *lot* of *items* there that there was *no intention* to let go.

"Q. Now when she brought that contract with that inventory of furniture that was not covered by your contract, did she insist upon the signing of that contract in its present condition, as well as your approval of the inventory?

"A. She did, absolutely.

"Q. And why did you refuse to sign that contract at that time?

"A. Because the contract was at variance with the terms that we had discussed with each other, as to the possession and also as to the *inventory* and also another provision I think, she had a check there that was payable to her as broker; that was another objection that I didn't agree to.

"Q. What did you tell her in reference to—why did you refused to sign that contract at that time?

"A. Because this contract was at variance with the terms that we had previously discussed.

"Q. And at variance with the terms of your contract that originally had been delivered to him?

"A. Yes sir.

"Q. And because they requested you to sign an inventory of certain personal property to go with the contract?

"A. That's right.

"Q. And you don't agree in the contract to convey any of the personal property?

"A. According to the terms of the contract itself, there was no furniture.

"Q. She *insisted* upon you signing that *inventory* along with the contract; is that correct?

"A. She did.

"Q. And that is why you refused to sign it?

"A. Absolutely, sir." (Underscoring supplied).

That part of the above testimony which deals with the inventory of furniture and the inclusion of certain items of furniture in the sale is nowhere contradicted either by direct or by rebuttal evidence. When the broker brought this signed contract to Mr. Lohmeyer together with an inventory of furniture that was not covered by the contract a counter-offer, indeed a new and different contract was proposed to said Lohmeyer. He then had the legal right to refuse to enter into this new contract at variance with the terms of the one which he had prepared. Regardless of the fact that Miss

Dawson contended through counsel in the court below that she was only employed to find a purchaser, she is not entitled to recover because she did not find a purchaser ready, able and willing to purchase upon the terms fixed by Lohmeyer if his uncontradicted testimony is to be believed.

When Miss Dawson returned with the signed contract and the inventory of furniture she submitted a counter-offer on behalf of the prospective purchaser and to that extent and for that purpose she was acting as the agent of said prospective purchaser. See Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498; McCay v. Seaver, 98 Fla. 710, 124 So. 44.

For the reasons stated, I am of the opinion that the writ of certiorari should be granted and the judgment of the Civil Court of Record and the Circuit Court judgment of affirmance quashed.