101 So.2d 437 (1958)
Joe Nathan WALKER, a minor, by his next friend and father, Robert W. Walker, Appellant,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY OF BALTIMORE, a corporation, Appellee.
No. A-6.
District Court of Appeal of Florida. First District.
January 7, 1958.
On Petition to Certify Question to February 27, 1958.
Coe & Coe, Pensacola, for appellant.
Latham & Davenport, Yonge, Beggs & Lane, Pensacola, for appellee.
On Petition to Certify Question to Supreme Court February 27, 1958.
PER CURIAM.
This is an appeal from an order dismissing the surety on the official bonds of two deputy sheriffs who, with the surety, were defendants in a suit for damages alleged to result from an unlawful arrest and imprisonment.
The bond is conditioned that the principal (deputy sheriff) shall faithfully perform the duties of his office, as prescribed by law, which accords with Section 30.09, Florida Statutes 1955, F.S.A.
This court is charged only with the interpretation of the law. It cannot subtract from or amplify the terms of a statute. Such changes are for the Legislature. Cone for the Use of Roberts v. Dean, 136 Fla. 421, 187 So. 571; Nolan v. Moore, 81 Fla. 594, 88 So. 601; Dutch v. Palm Beach Bridge Dist., 84 Fla. 504, 94 So. 155; State ex rel. Claar v. Branning, 85 Fla. 61, 95 So. *438 237; Kennedy v. City of Daytona Beach, 132 Fla. 675, 182 So. 228.
Affirmed on the authority of Malone v. Howell, 140 Fla. 693, 192 So. 224.
STURGIS, C.J., WIGGINTON, J., and O'CONNELL, STEPHEN C., A.J., concur.

On Petition to Certify Question Involved to Supreme Court of Florida as One of Great Public Interest.
PER CURIAM.
By our per curiam opinion rendered in this case we affirmed the judgment entered by the trial court which held in effect that the surety on an official bond furnished by a deputy sheriff was not liable in damages for the unlawful acts of the deputy sheriff done under color of his office, as distinguished from acts done by virtue of his office. The bond in question was furnished pursuant to the requirements of Sec. 30.09, F.S., F.S.A., the condition of the bond being the faithful performance by the deputy sheriff of the duties of his office. Our decision was controlled by the decision of the Supreme Court of Florida in the case of Malone v. Howell, 140 Fla. 693, 192 So. 224. In that case the Court held that the acts for which a sheriff or his surety may be held liable are acts done "virtute officii", and those for which they cannot be held liable are termed "colore officii". The court defined acts virtute officii, or by virtue of office, as those within the authority of the officer but done in an improper exercise of his authority or in abuse of the law. It defined acts done colore officii, or under color of office, as those acts which are of such a nature the office gives him no authority to do.
Following our decision, the appellant petitioned this court to certify the question involved as one of great public interest pursuant to the authority contained in Section 4 of Article V of the Florida Constitution, F.S.A. Such a certificate will constitute a sufficient predicate on which the appellant may petition the Supreme Court for a writ of certiorari to re-examine its decision in the Malone case above referred to. In support of this petition appellant points to the fact that the doctrine of "virtute officii", engrafted upon the decisional law of Florida, in the Malone case, was promulgated in the year 1939. Appellant contends grave doubt has been cast upon the validity of that doctrine by certain language employed by the Supreme Court of Florida in the more recent case of Holland, for Use and Benefit of Williams v. Mayes, 155 Fla. 129, 19 So.2d 709. Appellant also points to the fact that the doctrine under consideration has been discredited and receded from by recent decisions rendered in other jurisdictions, and contends that due to changed conditions and philosophies of government which have found their place in the jurisprudence of both Florida and other states, the doctrine should be re-examined. If this is to be done, it is our view that such re-examination should be made by our Supreme Court which first pronounced the doctrine as the law of Florida.
Under the above referred to provision of the Constitution, adopted in November 1956, we are of the opinion that the only issue to be decided is whether the question involved in this case is one of great public interest. The question affects the rights of the entire citizenry of our state in its relationship with the sheriffs of the sixty-seven counties, and their many deputies. We are of the view that cogent reasons suggest ample justification for re-examining the decision rendered in the Malone case in order that a current determination may be made as to whether the doctrine therein announced should either be adhered to, modified, or receded from. By this action we do not advocate, either directly or by implication, that the doctrine under consideration should be changed. By the issuance of the certificate requested by appellant, an opportunity will be afforded the *439 Supreme Court to promptly re-examine its decision in the Malone case without waiting until such time as a District Court of Appeal may render a decision in conflict therewith. It was to accommodate situations of this kind that the framers of our Constitution provided that "he supreme court may review by certiorari any decision of a district court of appeal * * * that passes upon a question certified by the district court of appeal to be of great public interest * * *"
We are of the view that appellant's petition for the issuance of the certificate requested is proper and should be granted. To hold otherwise would be tantamount to reading out of the Constitution the above quoted provision which authorizes the issuance of certificates under circumstances shown to exist in this case.
For the foregoing reasons, and pursuant to Section 4(2), Article V, Constitution of Florida, we hereby certify to the Supreme Court of Florida that our decision rendered in this cause on January 7, 1958, passes upon a question of great public interest.
WIGGINTON and CARROLL, JJ., concur.
STURGIS, Chief Judge (dissenting).
Section 4(2), Article V, Constitution of Florida, vests the supreme court with jurisdiction to review by certiorari "any decision of a district court of appeal that affects a class of constitutional or state officers, or that passes upon a question certified by the district court of appeal to be of great public interest, or that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law * * *". (Emphasis supplied.)
Certification of the decision in this cause is based on the emphasized language of the above provision which, so far as I have been able to determine, is novel to American and English jurisprudence. Parenthetically, the problems of procedure and practice posed by it, for which we have no precedent, and its application, may well have greater impact on the bench and bar than any decision that falls within the constitutional classification of one that "passes upon a question * * * of great public interest."
That part of the quoted provision which enables the supreme court to review by certiorari decisions of a district court that are in direct conflict with a decision of a sister court or of the supreme court on the same point of law implies that until such review and modification of a decision of a district court of appeal the rule of stare decisis applies without distinction between decisions of the district courts of appeal and those of the supreme court. This implication accords with order and logic. It also implies that in practice a district court of appeal will have occasion to decide points of law contrary to the last decision of a sister court or of the supreme court just as those courts will have occasion to recede from their earlier decisions. These considerations put in doubt the efficacy of the provision for certifying a decision as one that passes upon a question of great public interest.
Such certificate is not required to support the jurisdiction of the supreme court to review by certiorari a decision of a district court affecting a "class of constitutional or state officers", or one that is "in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law." The certificate is, however, the only key to certiorari for review of decisions not falling within the mentioned categories. With deference to the views of the majority, I suggest that any decision of a district court that is worthy of being certified to the supreme court as one that passes upon a question of great public interest should always be a decision that has been rendered on principles of law, ethics, and logic, attuned to the ever-living present, and that such should be so even if it is found necessary *440 to depart, however reluctantly, from the rule of stare decisis. Such departure in itself provides a constitutionally prescribed basis, without benefit of a certificate of great public interest to support it, by which the decision may be squarely presented to the supreme court for review by certiorari. If certiorari is denied the decision will become a controlling decision under the rule of stare decisis. If certiorari is granted and the decision reversed, the decision of the supreme court takes that position.
We are not concerned with the personal liability of a deputy sheriff for torts committed colore officii, or with that of a sheriff for such torts of his deputies. We are concerned only with the contractual liability of the surety under Sec. 30.09, Florida Statutes, F.S.A., in the absence of which no bond would be required of a deputy sheriff.
In arguing the motion to certify the decision in the instant case, counsel for appellant admitted: (1) That this court properly adhered to the decision of the supreme court in Malone v. Howell, 140 Fla. 693, 192 So. 224; (2) that the contract of suretyship on the official bond of the deputy sheriff was made in the light of that decision; (3) that the obligation of that contract cannot be impaired by a new interpretation of the statutory language employed therein, which language was before the supreme court in Malone v. Howell, supra, and was there held to render the surety liable only for acts of the principal done virtute officii; and (4) that if the supreme court should grant certiorari and recede from the rule in that case so as to extend liability of the surety to acts of the principal done colore officii, it could only affect future contracts of suretyship, in which the appellant has nothing more than an academic interest. I agree with all except the last proposition. Academic interest is not sufficient to engage the time of the courts; moreover, courts should remain powerless to create a contractual relation or liability by the device of interpreting the plain language of a valid contract or statute so as to ascribe to it a meaning that is inconsonant with the commonly accepted definition of the words used. See Ervin v. Capital Weekly Post, Fla., 97 So.2d 464.
I respectfully dissent from the action of the majority in issuing the certificate because I am persuaded that the subject to be before the supreme court is moot, that the authorities supporting the decision are sound, and that the decision does not have the constitutional importance ascribed to it by the certificate.