101 So.2d 608 (1958)
David GREENBERG, Appellant,
v.
Clara GREENBERG, Appellee.
No. 57-265.
District Court of Appeal of Florida. Third District.
March 18, 1958.
*609 Egert & Levine, Miami, for appellant.
Bernard Berman and Wm. Arthur Karlick, Miami, for appellee.
PEARSON, Judge.
The appellant is a nonresident defendant in an action brought under section 65.09, Fla. Stat., F.S.A., for alimony unconnected with divorce. Service of process was attempted by publication pursuant to section 48.01 et seq., Fla. Stat., F.S.A. The defendant moved to dismiss upon the grounds of "lack of jurisdiction over the person", "insufficiency of process", and "insufficiency of service of process."[1] From an order denying the motion this interlocutory appeal is taken.
We are presented with two points. First, is service by publication available in this action? Second, has the defendant made a general appearance, thus waiving the error urged? Section 48.01, supra, does not by its express terms authorize service by publication in actions for alimony unconnected with divorce. But appellee urges that the action is implicit in the provision authorizing such service in actions for divorce. The action for a limited divorce is not a part of the law of Florida.[2] Therefore that portion of Section 48.01 providing for service of process by publication in cases "(4) For divorce or annulment of marriage;" does not include actions for alimony unconnected with divorce. A casus omissus can in no case be supplied by a court because that would be to make laws.[3] We therefore hold that service by publication is not authorized in actions brought under Section 65.09, Fla. Stat., F.S.A.
A reading of Rule 1.11, supra and of Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. reveals that our rule was taken from the latter. The plain intent of our rule is, as it was in the case of the Federal rule, to abolish the former distinction between general and special appearances.[4] It is expressly provided that "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."[5] The filing of the motion to dismiss *610 upon the grounds set forth did not require a special appearance as a protective measure.
The order appealed must be reversed and for the reasons set forth in this opinion the circuit court is directed to dismiss the cause.
Reversed.
CARROLL, CHAS., C.J., and HORTON, J., concur.
NOTES
[1] See 30 F.S.A.Rule 1.11(b), 1954 Rules of Civil Procedure.
[2] Section 65.03 Fla. Stat., F.S.A.; Cf. Givens v. Givens, 121 Fla. 270, 163 So. 574.
[3] Nolan v. Moore, 81 Fla. 594, 600, 88 So. 601; Dutch v. Palm Beach Bridge Dist., 84 Fla. 504, 94 So. 155; In re Hewett's Estate, 153 Fla. 137, 13 So.2d 904; Webb v. Hill, Fla. 1954, 75 So.2d 596, 605.
[4] Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, certiorari denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573; 7 FR Serv. 12b.-23, Case 4; see also 2 Moore, Federal Practice 2260-2264 (2nd ed. 1948).
[5] Rule 1.11(b), 1954 Rules of Civil Procedure.