PER CURIAM.
By this interlocutory appeal, the defendant, Sam Houston Huffman, seeks the reversal of an order at common law relating to jurisdiction over the person. The review of such order is provided by Rule 4.2 Florida Appellate Rules, 31 F.S.A.- The order appealed is as follows:
“This cause came on to be heard before me on motion to strike, motion to quash and motion to dismiss by the defendant, Sam Houston Huffman, and the court having heard from counsel for the respective parties and being of the opinion that the defendant, by his various motions filed herein has submitted to the jurisdiction of this court even though the service of the summons might be subject to attack, which is not now decided.
“It is Ordered and Adjudged that the motion to quash service is denied.”
The sole question presented by the appellant is whether the court ruled correctly that the defendant had submitted himself to the jurisdiction of the court when he filed a motion which questioned the jurisdiction of the court over his person and coupled it with other motions which were addressed to the merits of the cause. In the order appealed, the trial judge expressly declined to pass upon the merits of the motion addressed to the jurisdiction of the person of the defendant. The judge failed to apply Rule 1.11(b), Florida Rules of Civil Procedure, 30 F.S.A., which provides: “No *336 defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion” and Rule 1.11(g) which provides: “A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him.” State ex rel. Eli Lilly & Company v. Shields, Fla.1955, 83 So.2d 271; Greenberg v. Greenberg, Fla.App.1958, 101 So.2d 608.
Thereupon, the order denying the appellant’s motion addressed to jurisdiction is quashed with directions to the trial judge to proceed to hear said motion upon its merits.
Reversed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., TJ., concur.