HENDRY, Judge.
A complaint was filed in the circuit court against the appellant-defendant, Robert L. Paulson, in which it was alleged that the defendant breached the terms and conditions of a lease agreement by and between • the plaintiff and defendant. Thereupon Paulson made a motion, supported by an affidavit, to add Leonard Faas and Honda *of Kissemee, a Florida corporation. Upon order of the trial judge the parties were .added as third party defendants.
The sheriff’s return showed that on November 7, service on Faas was attempted by serving one Paul Roger “who accepted service as manager of Honda of Kissemee, Inc.”. Service of Honda of Kissemee, Inc. was attempted by serving “Paul Roger as manager on premises in the absence of the Pres., V. Pres., Cash., Treas., Secy., Gen. Mgr., Dir. and Res. Agent”.
‘ On December 6 a California firm of attorneys representing Faas entered into a. stipulation with Paulson’s attorneys for a thirty day extension within which to file his answer. On January 6 Miami attorneys filed a motion to quash service *10 of process and a motion to dismiss on behalf of Faas upon the grounds of insufficiency of service and lack of jurisdiction over the person of said defendant. These attorneys also filed a motion to dismiss on behalf of Honda of Kissemee, Inc., upon the grounds that there is no basis in Florida law for third party proceedings, and that the complaint fails to state a claim upon which relief can be granted as to this defendant All of these motions were granted on grounds set forth therein. It is from these orders that the defendant Paulson has appealed.
The first of the two points presented for our consideration is: Does a stipulation between the parties extending the time within which defendant may serve his answer, preclude the defendant from subsequently raising the defense of insufficiency of service of process and lack of jurisdiction of his person? Y'
Appellant contends that the stipulation extending the time within which Faas could answer appellant’s third party complaint operated as a general appearance on the part of Faas thereby precluding the defense of insufficiency of service of process. We find this contention to be without merit. Rule 1.11(b), Fla.Rules of Civil Procedure provides, 30 F.S.A., inter alia, that no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. The former distinction between general and special appearances has been abolished.[1]
The second point presented is whether under Florida Rules of Civil Procedure a defendant may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the defendant for all or part of plaintiff’s claim against him.
Appellant takes the position that ap-pellee, Honda of Kissemee, Inc., was properly made a third party defendant in order that the cause of action might be completely determined. We can not agree. It is apparent from the third party complaint that neither Honda nor Faas were necessary or proper parties for a complete determination of the initial cause of action.
Florida Rules of Civil Procedure do not provide for third party practice as does Federal Rule 14. In Pan American Surety v. Jefferson Construction Co., Fla.App.1958, 99 So.2d 726 this court, speaking through Judge Charles A. Carroll, said:[2]
“ * * * Federal Rule 14 permits bringing in additional parties without need for a counterclaim or cross-claim against existing parties, which it designates as ‘Third-party Practice.’ That rule would have permitted what was done here. But the Florida Rules of Civil Procedure contain no provision equivalent to Federal Rule 14 for such third-party practice.
“Therefore, the court was without jurisdiction, in the case then pending before it, to entertain the third-party proceeding which resulted in the judgment appealed from. * * * ”
For the reasons stated the orders appealed from are affirmed without prejudice to any rights which appellant might assert in a separate suit.
Affirmed.

. Greenberg v. Greenberg, Fla.App.1958, 101 So.2d 608; Huffman v. Heagy, Fla.App.1960, 122 So.2d 335.

. Accord. Florida Fuel Oil v. Springs Villas, Fla.1957, 95 So.2d 581; Shotkin v. Deehl, Fla.App.1963, 148 So.2d 538.