192 So.2d 537 (1966)
Irving GREEN, Hyman Green, Green Bros. Builders, Inc., and Union Trust Company of St. Petersburg, Appellants,
v.
Alex ROTH, Appellee.
No. 7126.
District Court of Appeal of Florida. Second District.
December 9, 1966.
Emerson L. Parker, St. Petersburg, for appellants Green.
Lubin & Samuels, St. Petersburg, for appellee.
PIERCE, Judge.
In this case appellants-defendants bring this interlocutory appeal from an "Order on Motions" entered by the Pinellas County Circuit Court.
Appellee-plaintiff filed complaint in chancery in the Pinellas County Circuit Court against Green Bros. Builders, Inc., Union Trust Company of St. Petersburg, Irving Green, and Hyman Green, alleging various manipulations of the capital assets of the Green corporation by the individual Greens to the detriment of plaintiff. Upon the filing of the sworn complaint, Circuit Judge C. Richard Leavengood issued a restraining order enjoining the individual Greens and their corporation from making certain assignments, and also enjoining the Union Trust from paying out certain moneys, pending further order of the Court. In the order plaintiff was required, as a condition therefor, to post a $5,000 bond *538 to indemnify the defendants. And a notice of lis pendens was filed by plaintiff.
Thereafter, a motion was filed on behalf of the Green corporation to dismiss the cause for insufficiency of service of process upon the corporation, alleging that personal service of process had been had upon one Royce Kilpatrick ostensibly to bind the corporation, but that on the date of such service said Kilpatrick was not such an officer or agent of the corporation as to legally bind it. Sworn affidavit of Kilpatrick was attached to the motion in support. On February 1, 1965, order was entered by the Circuit Judge denying said motion of the Green corporation, with leave to file additional affidavits if desired. On September 3, 1965, motion was filed on behalf of the Green corporation and also both of the individual Greens "to discharge [the] Lis Pendens" theretofore filed by plaintiff, which motion, among other things, alleged that "the Lis Pendens, as filed by the Plaintiff herein, is totally without merit and justification" and also that "laches has attached to the Plaintiffs cause". On September 9, 1965, the Court entered order denying the motion to discharge the lis pendens but requiring plaintiff to file an amended complaint "showing justification for the lis pendens".
Amended complaint against all defendants was thereupon filed by plaintiff, incorporating more extensive and elaborate allegations of fact and enlarging upon the prayers. Thereafter, on October 29, 1965, motion was filed on behalf of all defendants for an order requiring plaintiff to increase his bond theretofore posted pursuant to previous order of the Court, alleging affirmatively that "the amount of the bond heretofore posted by the Plaintiff is wholly disproportionate to the Defendant's property which is herein encumbered" and that "there is (sic) insufficient allegations in the amended complaint to support the Lis Pendens or to justify the Restraining Order". On December 2, 1965, this latter motion was denied by the Court.
Plaintiff forthwith filed motion which, after alleging substantially the foregoing record facts, set forth that plaintiff had "experienced difficulty in getting the Defendants before the Court; that the Defendants have litigated those portions of the law suit which are objectionable to them without pleading to the Plaintiff's Complaint; that the Defendants will not be prejudiced by the continuation of the Lis Pendens." The motion asked that the Court "extend the duration of the Lis Pendens" and "require the Defendants to file an Answer or responsive pleading to the Plaintiff's Complaint within short date set by this Court, or, in default thereof, suffer a Default Judgment against them". On April 14, 1966, Honorable James T. Smith, Circuit Judge, entered his "Order on Motions", holding that the individual defendants, Irving Green and Hyman Green, were properly before the Court for all purposes because they had filed pleadings reaching the merits of the cause, and requiring them to file their Answer or other defensive pleadings to the Amended Complaint within a stated time. This is the Order now before this Court.
The Order of Judge Smith of April 14, 1966 was buttressed by a scholarly resume supporting the entry of the order and is so cogent, logical and coherent that we quote it at length herein, and specifically adopt it as a part of the opinion of this Court, as follows:
"This suit was instituted by the plaintiff against the defendants above captioned alleging certain manipulations of the capital assets of Green Bros. Builders, Inc., by the defendants, Irving Green and Hyman Green, to the great detriment of the plaintiff.
No actual process of service was obtained upon the corporation or upon the defendants, Irving Green and Hyman Green. However, an attempted service was made upon the corporation by serving one Royce Kilpatrick as an officer or agent of said defendant corporation.
*539 On January 5, 1965, the corporation filed its Motion to Dismiss for insufficiency of service of process. The defendants, Irving Green and Hyman Green, did not join in this motion, nor have they at any time questioned the jurisdiction of this Court over their persons.
On September 7, 1965, the corporation and Irving Green and Hyman Green moved to discharge the lis pendens in this cause. In said motion they failed to challenge the jurisdiction over their persons or the property involved in this litigation.
On November 1, 1965, the defendants (meaning to this Court Green Bros. Builders, Inc., and Irving Green and Hyman Green) moved the Court to increase the bond posted by the plaintiff in order to obtain an injunction, and also, in the alternative, moved to discharge the lis pendens and to discharge the restraining order. Again there was no challenge by the defendants of the jurisdiction of this Court over their persons. This latter motion was directed to plaintiff's Amended Complaint and Amended Notice of Lis Pendens filed September 29, 1965.
This poses for this Court three problems:
(a) Is the Amended Complaint sufficient to support the lis pendens in this cause and should it be continued?
(b) Is the defendant, Green Bros. Builders, Inc., properly before this Court by virtue of their having attacked the lis pendens and affirmatively moving the Court to increase the bond?
(c) Are the defendants, Irving Green and Hyman Green, properly before this Court as parties defendant?
The Court will answer the above questions in the order given.
This Court is of the opinion and so rules that the Amended Complaint is sufficient predicate and support to justify the filing of the lis pendens, and a continuation of the same. The complaint seeks to impress a lien and to prevent the sale or disposal of certain real property located in Pinellas County, Florida, pending the outcome of this litigation, which real property is described in the complaint, and this Court is of the opinion that as such it is sufficient to justify a lis pendens and to warrant its continuation and this Court hereby grants the motion of the plaintiff to continue the lis pendens in this cause.
In dealing with problem (b) this Court has carefully considered the action taken by Green Bros. Builders, Inc., in properly raising the question of jurisdiction over the corporate person at the first opportunity and as it is apparent that no proper service was obtained upon Green Bros. Builders, Inc., and that they are therefore not properly before this Court, unless they have waived their right to raise this jurisdictional question by joining in the Motion to Dismiss the Lis Pendens and the Motion to Increase the Bond. This Court is of the opinion that once having raised the question of jurisdiction over their persons, they can then proceed in the trial of this litigation and be a participant therein without waiving their right to raise the question of jurisdiction over their persons at any time during the trial of this cause.[1] This Court therefore is of the opinion and so rules that the defendant corporation having promptly raised the question of jurisdiction over its person has not submitted itself to the jurisdiction of this Court by filing a motion to discharge the lis pendens or affirmatively moving the Court to increase the injunctive bond.
In considering problem (c) concerning the brothers, Irving and Hyman Green, this Court must take a different view from that taken in considering the *540 corporate entity. Irving and Hyman Green have at no time questioned the jurisdiction over their persons and have participated in this litigation, without challenge as to the jurisdiction of this Court, by moving to discharge the lis pendens in this cause, which motion if granted would have resulted in substantial benefits to Irving and Hyman Green in that it would have released all of the property described in the complaint from the restrictions imposed by the lis pendens, and further in moving to increase the bond they would have gained substantially in obtaining a greater security in the event that the Court should ultimately rule that the injunction was improvidently issued. These motions filed by the Defendants, Irving and Hyman Green, if granted, would have been of material and substantial benefits to both of them and in substance was in effect a litigation of some of the issues involved in this proceeding. In STAVANG vs. AMERICAN POTASH and CHEMICAL CORP., 5 Cir., 344 F (2nd) 117, a 1965 decision, the facts were somewhat different from those in the present case; however, this Court believes that the law set forth in the STAVANG case is apropos here. In that case the Federal Court made this statement:
`If a defendant proceeds first on the merits, as by a motion to dismiss for failure to state a claim or by an answer on the merits, and thereafter attempts to challenge jurisdiction over his person or improper venue, the challenge should fail; it comes too late, and has not been made in the manner prescribed in Rule 12.'
The writer of this opinion thinks the quotation above is particularly applicable here. The Defendants, Irving Green and Hyman Green, in this case have failed to challenge the jurisdiction over their persons in any way whatsoever, and yet have participated as above set forth in this litigation.
IT IS, THEREFORE, THE JUDGMENT OF THIS COURT and this Court so rules, as to the defendants, Irving Green and Hyman Green, that they are properly before this Court as defendants and they are hereby required to file their Answer or other defensive pleadings to the Amended Complaint herein on or before twenty (20) days from the date of this Order."
Rule 12 of the Federal Rules of Civil Procedure, referred to in the Stavang case, cited in Judge Smith's Order, has its counterpart in Rule 1.11 of the Florida Rules of Civil Procedure, 30 F.S.A. See St. Anne Airways, Inc. v. Webb, Fla.App. 1962, 142 So.2d 142.
The "Order on Motions" brought here by interlocutory appeal is hereby affirmed.
Affirmed.
SHANNON, Acting C.J., and DAYTON, ORVIL L., Jr., Associate Judge, concur.
NOTES
[1] Huffman v. Heagy, 122 So.2d 335; Fla.App. 1960. Paulson v. Faas, 171 So.2d 9; Fla.App. 1965.