340 So.2d 526 (1976)
ROYAL INDUSTRIES, INC., and Buck Equipment Corp., Appellants,
v.
John BIRDSONG, et al., Appellees.
No. CC-442.
District Court of Appeal of Florida, First District.
December 15, 1976.
Rehearing Denied January 13, 1977.
Sutton G. Hilyard, Jr., of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellant.
C. Anthony Schoder, Jr., of Hoffman, Hendry, Parker & Smith; and David R. Miller, of Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellees.
McCORD, Judge.
This is an interlocutory appeal from an order denying motions of appellants, Royal Industries and Buck Equipment Corporation, to quash service of process, and denying Royal's motion to quash service of cross-claim of appellee, Desa Industries, Inc., against Royal.
Appellees John Birdsong and wife filed a complaint against foreign corporations Buck, Royal, and Desa for personal injuries. Following service of process, (or attempted service of process) on Royal, Buck, and Desa, Desa filed an answer and cross-claim against Royal. On March 4, 1975, a "notice of appearance" was filed by attorneys for Buck and Royal. Subsequently, on March 30, 1976, Buck and Royal filed the aforesaid motions to quash service of process contending that the service was defective and the court did not have personal jurisdiction over them.
*527 The initial question is whether or not the appearance filed on March 4 was a general appearance which subjected Royal and Buck to the jurisdiction of the court and precluded a later contest as to the validity of the process or service thereof. Appellants contend that in 1952 when the Supreme Court adopted Rule of Civil Procedure 1.11(b) [the predecessor of present Rule of Civil Procedure 1.140(b)] the distinctions between general and special appearances were abolished. Present Rule 1.140(b) which in pertinent part is in material respects the same as old rule 1.11(b), provides as follows:
"Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) * * *, (2) lack of jurisdiction over the person, (3) * * *, (4) insufficiency of process, (5) insufficiency of service of process, (6) * * *, (7) * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted . ."
It is clear that prior to the adoption of the aforesaid Rule of Civil Procedure, an appearance which did not attack jurisdiction constituted a general appearance submitting the party filing same to the jurisdiction of the court. The Supreme Court in Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486 (1939), stated as follows:
"If the defendant takes some step in the proceedings which amount in law to a submission to the Court's jurisdiction, the fact that the defendant insists that he never intended so to do, or to otherwise admit the jurisdiction of the court over his person, or that he contends that he appeared specially and not generally, is not sufficient to preclude the court from considering and holding that the defendant appeared generally in contemplation of law. See Rorick v. Stilwell, 101 Fla. 4, 133 So. 609."
While Rule of Civil Procedure 1.140 now allows a defendant to attack the jurisdiction of the court either in his responsive pleading or by motion and therefore no longer requires that he make a special appearance for such purpose, it does not follow that a defendant may now make a general appearance and later repudiate it by attacking the court's jurisdiction over him. Appellants find comfort in two opinions of the District Court of Appeal, Third District, which though not in point with the case sub judice, contain statements that the intent of the aforesaid Rule of Civil Procedure was to abolish the former distinction between general and special appearances. Greenberg v. Greenberg, 101 So.2d 608 (3 DCA 1958), and Paulson v. Fass, 171 So.2d 9 (3 DCA 1965). Subsequent to the statements in Greenberg and Paulson, however, the same court in McKelvey v. McKelvey, 323 So.2d 651 (3 DCA 1976), recognized the continued existence of general appearances. It there ruled that a general appearance ordinarily will be effected by making a motion involving the merits of plaintiff's claim and his right to maintain the suit and secure the relief sought; that a motion for protective order which was in effect a motion to dismiss for failure to state a claim upon which relief could be granted, constituted a general appearance by the defendant, thus giving the court general jurisdiction over him.
Appellants also cite Jones v. Denmark, 259 So.2d 198 (3 DCA 1972), which holds that the joining of a motion to transfer the cause with a motion to dismiss for lack of jurisdiction did not constitute a general appearance or waiver of jurisdictional challenge by the defendant. Had appellants in the case sub judice joined or filed with their appearance a motion attacking the court's jurisdiction over them, we would have a situation analogous to Jones v. Denmark. Here, however, appellants filed a general appearance without making a simultaneous attack on the court's in personam jurisdiction.
In Krasnosky v. Krasnosky, 282 So.2d 186 (1 DCA 1973), this court stated as follows:
"As to the question of waiver of jurisdiction by pleading, this has been long ago *528 settled by our Florida Supreme Court. If the defendant takes some step in the proceeding or files a pleading to the merits of the cause, defects in service or jurisdictional defects are waived." (Emphasis supplied.)
The filing by appellants of a general appearance was a step in the proceeding which waived defects in service and subjected them to the jurisdiction of the court.
As to Royal's motion to quash service of Desa's cross-claim, it was grounded upon the contention that the court did not have in personam jurisdiction over Royal. Thus, the trial court was correct in not quashing service of the cross-claim.
Appellants' other contentions on this appeal related to alleged defects in service of process upon them. Since we find that they submitted themselves to the jurisdiction of the court by their appearance, these remaining points are moot.
AFFIRMED.
RAWLS, Acting C.J., and MILLS, J., concur.