383 So.2d 705 (1980)
COOPER VILLAGE, INC., a Florida Corporation, Appellant,
v.
Frank A. MORETTI and Susan M. Moretti, His Wife, Appellees.
No. 79-302.
District Court of Appeal of Florida, Fourth District.
April 30, 1980.
Rehearing Denied June 9, 1980.
Ira M. Krauss of the Law Offices of Kenneth P. Wurtenberger, P.A., Lauderhill, for appellant.
Barry G. Roderman of the Law Offices of Barry G. Roderman, P.A., Fort Lauderdale, for appellees.
DOWNEY, Judge.
Cooper Village, Inc., seeks review by interlocutory appeal of an order denying its motion to discharge a notice of lis pendens. Such an order is not reviewable pursuant to Florida Rule of Appellate Procedure 9.130. Section 48.23, Florida Statutes (1978), authorizes the court to control and discharge a notice of lis pendens as the court may grant and dissolve injunctions. However, this does not make an order granting or denying a motion to discharge a notice of lis pendens an order pertaining to injunctions within the purview of Rule 9.130(b); it simply means that the circuit court is to utilize the procedural standards or principles applicable to the granting or discharging of injunctions when considering a motion to grant or discharge a notice of lis pendens. However, since the notice of lis pendens affects the alienability of Cooper *706 Village's real property and could cause Cooper Village injury which may not be remediable on plenary appeal, we have decided to treat the matter as a petition for common law certiorari. Hallmark Manufacturing Inc. v. Lujack Construction Company, 372 So.2d 520 (Fla. 4th DCA 1979).
We have read the briefs in this cause and have concluded that Cooper Village has failed to demonstrate that the circuit court departed from the essential requirements of law when it denied Cooper Village's motion to discharge the notice of lis pendens.
Accordingly, we deny the petition for common law certiorari.
Petition denied.
LETTS, C.J., and GLICKSTEIN, J., concur.