ON REQUEST FOR EMERGENCY RELIEF
PER CURIAM.
Appellants/petitioners seek review of a non-final order of the trial court “impressing an Equitable Lien and Lis Pendens” upon property owned by appellants/petitioners. Upon the filing of their brief appellants/petitioners moved for emergency relief and requested this court to “enter emergency order discharging the equitable lien and/or Lis Pendens against Appellants/Defendants’ real property.” In addition, appellants/petitioners request the time for appellees/respondents’ answer brief be shortened.
Initially, we notice that the subject matter of this appeal is not subject to review pursuant to Florida Rule of Appellate Procedure 9.130(a)(3). Cooper Village, Inc. v. Moretti, 383 So.2d 705, Fourth District Court of Appeal Case No. 79-302, Opinion filed April 30, 1980. However, since any injury which may inure to appellants/petitioners as a result of said order may not be remediable by plenary appeal, we will treat the appeal as a Petition for Writ of Certiorari. Cooper Village, Inc. v. Moretti, supra; Hallmark Mfg. Inc. v. Lujack Const. Co., 372 So.2d 520 (Fla. 4th DCA 1979).
Appellants/petitioners’ motion for emergency relief is denied. To grant said motion would be tantamount to deciding the ultimate question presented for our resolution.
Appellants/petitioners’ motion to restrict the time for appellees/respondents’ answer brief is denied and appellees/respondents are directed to file a response to appellants/petitioners’ brief within 20 days from date of this opinion.
LETTS, C. J., and DOWNEY and GLICKSTEIN, JJ., concur.