386 So.2d 74 (1980)
James WHITE and Puritan Insurance Company, Appellants,
v.
Maude F. NICHOLSON and P.N. Nicholson, Appellees.
No. 80-446.
District Court of Appeal of Florida, Second District.
July 30, 1980.
Roy B. Dalton, Jr. of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for appellants.
Victor J. Pellegrino of Yado, Keel, Nelson, Grandoff, Casper, Bergmann & Newcomer, P.A., Tampa, for appellees.
OTT, Judge.
Appellants contend that the trial court erred in denying their motion to quash service of process. We agree.
*75 Appellees filed a complaint for personal injury resulting from an automobile accident. They purported to serve appellant, James White, by substituted service of process pursuant to Section 48.171, Florida Statutes (1977). The attorney for James White, provided by his carrier Puritan Insurance Company, filed a motion to quash service of process under Florida Rule of Civil Procedure 1.140(b) challenging the court's jurisdiction over James White. Subsequent to the filing of this motion to quash, White secured personal counsel who filed a "Notice of Appearance." The trial court ruled that this constituted a general appearance by White and a waiver of the jurisdictional challenge. The trial court denied the motion on that basis.
A defendant may not make a general appearance and later repudiate it by attacking the court's jurisdiction over him. Hotel & Restaurant Employees & Bartenders International Union v. Lake Buena Vista Communities, Inc., 349 So.2d 1217 (Fla. 4th DCA 1977); Royal Industries, Inc. v. Birdsong, 340 So.2d 526 (Fla. 1st DCA 1976). In the instant case, the appellant first moved against the service of process and subsequently filed a notice of appearance.
Florida Rule of Civil Procedure 1.140(b) provides that certain defenses, including lack of in personam jurisdiction, be presented by motion or in the first responsive pleading. The rule also provides that "[n]o defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion." The effect of Rule 1.140(b) is to eliminate the need to file a special appearance to challenge jurisdiction. Royal Industries, Inc. v. Birdsong, supra.
In Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966) this court discussed whether an attack on jurisdiction had been waived by a general appearance. In that case, appellee filed a complaint against Green Brothers Builders, Inc. and the Greens individually. Appellee also filed a notice of lis pendens. The corporation filed a motion to dismiss for insufficiency of service of process. The Greens did not challenge the jurisdiction of the court over them. The court entered an order denying the corporation's motion with leave to file additional affidavits. Subsequently, the corporation and the Greens moved to discharge the lis pendens. In this motion they did not challenge jurisdiction. Later, they moved to increase the bond without including a challenge of jurisdiction. The appellee filed a motion to require appellants to file an answer. The court ordered the Greens to file an answer because they had filed pleadings reaching the merits and thereby subjected themselves to the jurisdiction of the court. The Greens and the corporation appealed this order. This court considered whether the corporation waived its jurisdictional challenge by joining in the motions to discharge lis pendens and increase the bond and stated:
This Court is of the opinion that once having raised the question of jurisdiction over their persons, they can then proceed in the trial of this litigation and be a participant therein without waiving their right to raise the question of jurisdiction over their persons at any time during the trial of this cause. This Court therefore is of the opinion and so rules that the defendant corporation having promptly raised the question of jurisdiction over its persons has not submitted itself to the jurisdiction of this Court by filing a motion to discharge the lis pendens or affirmatively moving the Court to increase the injunctive bond.
Id. at 539. Compare Periolat v. Periolat, 336 So.2d 1256 (Fla. 2d DCA 1976) and Jones v. Denmark, 259 So.2d 198 (Fla. 3d DCA 1972).
This question is also indirectly addressed in 5 Am.Jur.2d Appearance, § 7 (1962) wherein it is stated: "A general appearance by the defendant, without previous objection to the process or return, operates as a waiver of defects in the process... ." [Emphasis added.]
We believe the appellant properly preserved his challenge of the court's jurisdiction. *76 This jurisdictional challenge was not waived by the subsequent notice of appearance. The order denying appellant's motion to quash service of process is vacated and remanded for consideration on its merits.
SCHEB, C.J., and BOARDMAN, J., concur.