472 So.2d 878 (1985)
FIRST SOUTHERN DEVELOPMENT CORPORATION, an Alabama Corporation, Petitioner,
v.
CHANDLER AND ASSOCIATES, INC., an Alabama Corporation Doing Business in the State of Florida, Respondent.
No. BH-12.
District Court of Appeal of Florida, First District.
July 18, 1985.
*879 David A. Simpson of Anchors, Simpson & Foster, Ft. Walton Beach, Bradley R. Bryne of Miller, Hamilton, Snider & Odom, Mobile, Ala., for petitioner.
J. LaDon Dewrell, Ft. Walton Beach; John A. Ratzlaff, Panama City, for respondent.
PER CURIAM.
Petitioner seeks review by certiorari of a circuit court order denying petitioner's motion to dissolve a notice of lis pendens or require posting of a bond. Review by certiorari is proper in a case such as this. See, e.g., Bay Place Development Corp. v. Ellis First National Bank, 465 So.2d 628 (Fla. 2d DCA 1985); Florida Communities Hutchison Island v. Arabia, 452 So.2d 1131 (Fla. 4th DCA 1984); Seinfeld v. Commercial Bank and Trust Co., 445 So.2d 1055 (Fla. 3d DCA 1984). See also, Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982).
We have examined the documents in this case and considered petitioner's arguments. We have given special attention to petitioner's contention that it was not afforded an evidentiary hearing on the issue of irreparable harm pertaining to its motion to dissolve the notice of lis pendens or require that a bond be set. Respondent has asserted that the trial court did not fail to allow petitioner to present testimony on irreparable harm and petitioner proffered what the testimony would be regarding money damages. Petitioner has not demonstrated to this court in what manner this opportunity to proffer was inadequate. Implicit in the trial court's order denying relief is a finding that no irreparable harm would occur. Petitioner has not shown that the trial court departed from the essential requirements of the law.
Certiorari is DENIED.
BOOTH, C.J., and MILLS and JOANOS, JJ., concur.