692 So.2d 1009 (1997)
William K. ARCHER, Jr., Petitioner,
v.
Karen B. ARCHER and Claudia Hughes, Respondents.
No. 96-3765.
District Court of Appeal of Florida, Fourth District.
May 7, 1997.
Bennett S. Cohn of the Law Office of Bennett S. Cohn, West Palm Beach, for Petitioner.
Laurie Bolch of Wampler, Buchanan & Breen, P.A., Miami, for Respondent Karen B. Archer.
Theresa A. Dipaola of Theresa A. Dipaola, P.A., West Palm Beach, for Respondent Claudia Hughes.
KLEIN, Judge.
Appellant has taken a non-final appeal from an order denying a motion to strike a lis pendens. The appellee, in her brief, asserts that such an order is not reviewable as a non-final appeal under rule 9.130, but acknowledges that this court has treated non-final appeals of such orders as petitions for common law certiorari. Cooper Village, Inc. v. Moretti, 383 So.2d 705 (Fla. 4th DCA 1980).[1] We treat the appeal as a petition for certiorari.
The lis pendens in this case was filed by the wife's attorney, based on a charging lien. It was recorded against a warehouse which was held in the name of a corporation, but was found by the court to be marital property. We deny certiorari because the petitioner has failed to establish, on the record presented, a departure from the essential requirements of law.
GUNTHER, C.J., and DELL, J., concur.
NOTES
[1] In Munilla v. Espinosa, 533 So.2d 895 (Fla. 3d DCA 1988), the third district treated a petition for certiorari from an order refusing to dissolve a lis pendens as a non-final appeal, acknowledging in a footnote that the other four districts have reviewed these types of order by certiorari. See Lennar Florida Holdings, Inc. v. First Family Bank, 660 So.2d 1122 (Fla. 5th DCA 1995); Stinnett v. Dodson, 575 So.2d 1350 (Fla. 2d DCA 1991); First S. Dev. Corp. v. Chandler and Assocs., Inc., 472 So.2d 878 (Fla. 1st DCA 1985), rev. dismissed, 482 So.2d 348 (Fla.1986). The third district stated that the "preferred method" of reviewing these orders should be by non-final appeal. We agree with the third district that that would be the preferred method; however, we find no authority in rule 9.130 which authorizes it. Our appellate rules committee may wish to consider whether this type of order should be reviewable under rule 9.130. Under the present state of the law an aggrieved party would automatically be entitled to review in the third district, but would have to demonstrate a departure from the essential requirements of law and no adequate remedy by appeal from final judgment in the other districts, including this one, in order to get review.