927 So.2d 1016 (2006)
Katarina LOIDL, Appellant,
v.
I & E GROUP, INC., a Florida corporation; and Harald W.J. Loidl, Appellees.
No. 2D05-3984.
District Court of Appeal of Florida, Second District.
April 19, 2006.
Rehearing Denied April 19, 2006.
Robert L. Donald of Law Office of Robert L. Donald, Fort Myers; and Sonja K. Burkard of Burkard Law Firm, P.A., Fort Myers, for Appellant.
Scott A. Beatty of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Appellee I & E Group, Inc.
No appearance for Appellee Harald W.J. Loidl.
ALTENBERND, Judge.
Katarina Loidl appeals a nonfinal order discharging twenty-seven notices of lis *1017 pendens she filed against her husband's business, I & E Group, Inc. (I & E). She filed these notices while her dissolution of marriage proceeding was pending because she believed her husband, who is the chief executive officer of I & E, had mixed personal and business assets in the company. The trial court discharged the notices primarily because I & E was not a party to the dissolution proceeding. We treat this appeal as a petition for writ of certiorari and deny the same.

I. BACKGROUND
In October 2003, Mrs. Loidl filed a petition for dissolution of her six-year marriage. Mr. Loidl is the CEO and half-owner of I & E. Apparently, Mrs. Loidl became concerned by some unusual transactions involving I & E after the trial court entered a standard order prohibiting either party from disposing of any asset, marital or nonmarital. She believed that Mr. Loidl was directly or indirectly disposing of marital assets via these transactions.
In June 2005, Mrs. Loidl filed and recorded twenty-seven notices of lis pendens against various real estate properties owned by I & E. I & E immediately filed an emergency motion to dissolve the notices because it was not a named party to the dissolution of marriage proceeding. Mrs. Loidl then filed a motion to amend her complaint to include I & E. After a hearing on I & E's motion to dissolve the notices of lis pendens, the trial court granted the motion to dissolve and entered an order discharging all twenty-seven notices of lis pendens. It does not appear that the trial court entered an order on Mrs. Loidl's motion to amend.

II. CERTIORARI REVIEW
There is some debate regarding the method by which an appellate court reviews an order discharging a lis pendens.[1] This court has held that certiorari is the only proper method of review. See James v. Wolfe, 512 So.2d 954 (Fla. 2d DCA 1987); see also Stinnett v. Dodson, 575 So.2d 1350 (Fla. 2d DCA 1991). The First, Fourth, and Fifth District Courts of Appeal have come to the same conclusion. See Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982); Eurohome DI Soleil, LLC v. Oaks Group, Inc., 912 So.2d 1271 (Fla. 4th DCA 2005); Baghaffar v. Story, 515 So.2d 1373 (Fla. 5th DCA 1987). The Third District, however, has held that such orders are more appropriately reviewed by interlocutory appeal as they are akin to orders on injunctions. See Munilla v. Espinosa, 533 So.2d 895 (Fla. 3d DCA 1988); see also Fla. R.App. P. 9.130(a)(3)(B).
The Third District apparently based its decision on the language in section 48.23(3), Florida Statutes (1987), which states, "When the initial pleading does not show that the action is founded on a duly recorded instrument or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions."
Although the legislature created section 48.23(3) to allow a trial court to control and discharge a lis pendens as it would grant and dissolve an injunction, the supreme court establishes the jurisdiction of this court over interlocutory orders. See art. V, § 4(b), Fla. Const. Because a lis pendens serves an entirely different function than an injunction and is created without judicial action, we hold that for *1018 purposes of our jurisdiction it would be improper to classify an order on a motion to dissolve a lis pendens as if it were a nonfinal order concerning an injunction.
Unlike an injunction, which is a judicial order mandating or prohibiting a certain action, a notice of lis pendens is merely a notice by a party of pending litigation. The party's notice does not prohibit alienation of property. The creation of this notice requires no judicial action. The notice is only a cloud on the title that creates a priority for the party that filed the lis pendens if that party prevails in the pending litigation. See Ross v. Breder, 528 So.2d 64 (Fla. 3d DCA 1988); see also David M. Gersten, The Doctrine of Lis Pendens: The Need for a Balance, 59 Fla. B.J. 83 (1995). Thus, if a lis pendens is not the equivalent of an injunction, then an order dissolving a notice of lis pendens cannot be considered to be an order dissolving an injunction.
Additionally, the order itself dissolving a notice of lis pendens is not "injunctive" relief. See Cooper Village, Inc. v. Moretti, 383 So.2d 705 (Fla. 4th DCA 1980). Although such an order may dissolve a party's notice of pending litigation, it is not an order which directs or precludes the party from taking a certain action outside of the lawsuit. Therefore, it is not properly appealed under rule 9.130(a)(3)(B).

III. A MOTION TO DISSOLVE A NOTICE OF LIS PENDENS DOES NOT SUBJECT THE MOVANT TO THE GENERAL JURISDICTION OF THE TRIAL COURT
The trial court's final order discharging the notices of lis pendens does not state the reasons for doing so. However, I & E had argued both in its motion to dissolve the notices of lis pendens and at the hearing on the motion that the notices could not be filed against it because it was not a formal party to the action. Where the property owner is not named as a party to the action in the complaint, any lis pendens filed against it is without legal basis and must be dissolved.[2]See Marbin v. Cohen, 789 So.2d 1193 (Fla. 4th DCA 2001) (holding that lis pendens should be discharged against property owner that was not joined in the action below); HOPO Corp. v. Keller, 798 So.2d 889 (Fla. 4th DCA 2001) (quashing trial court's order denying the motion to dissolve the lis pendens filed against HOPO because HOPO had not been joined as a party in the pending dissolution of marriage action); M.G. Marine Supply Corp. v. Foreign Trade, Inc., 537 So.2d 696 (Fla. 3d DCA 1989) (holding lis pendens was fatally defective where burdened property owner was not named in the complaint).
I & E was not a party to the pending dissolution of marriage. It had never been named or joined in that action. Mrs. Loidl did make a motion to amend her complaint to include I & E, but this was filed four days after I & E had filed its motion to dissolve. Since I & E was never added as a party to the dissolution action, the notices of lis pendens filed against it were without legal basis. Therefore, the trial court properly discharged all twenty-seven notices.
Mrs. Loidl argues that I & E subjected itself to the jurisdiction of the trial court *1019 by filing a motion to dissolve the lis pendens without filing a simultaneous objection to the court's jurisdiction over its person. She relies on Community Federal Savings & Loan Ass'n of the Palm Beaches v. Wright, 452 So.2d 638, 640 (Fla. 4th DCA 1984), to support her argument. Although the facts in Community Federal are somewhat different, we disagree with its ruling that a motion submitted by a nonparty for protection from activity generated by documents within the lawsuit somehow submits the nonparty to the general jurisdiction of the trial court as to the causes of action pending before that court.
In Community Federal, the Fourth District considered a defendant's challenge to a default and a foreclosure judgment after the property had already been purchased at foreclosure sale by another person. The new owner appeared in the reopened foreclosure proceeding when the defendant filed a notice of lis pendens against the property that the new owner had purchased at the foreclosure sale. The Fourth District held that the new owner of the property became a party to the underlying action by filing a motion to set aside the notice of lis pendens without challenging the trial court's personal jurisdiction over it. The Fourth District stated:
While it is true that it is no longer necessary to appear specially to contest the jurisdiction of the court in order to preserve the defense of lack of jurisdiction, it is also true that where some affirmative action is taken it must be coupled with an objection to the jurisdiction of the court over the person or such jurisdictional inadequacy is waived. Green v. Hood, 120 So.2d 223 (Fla. 2d DCA 1960); Fla. R. Civ. P. 1.140(h). Clearly, a motion to set aside a lis pendens subjects the movant to the jurisdiction of the court. Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966).
452 So.2d at 640. It is noteworthy that the new owner in Community Federal attended various hearings in the proceeding and may not have been directly affected by the order on appeal. The new owner was not a named party in the style of the appeal, was never identified by name in the opinion, and does not appear to have had counsel on appeal.
Community Federal relies on Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966), to support its holding, but important differences existed in Roth. In both the present appeal and in Community Federal, the party challenging the notice of lis pendens was not a named party in the action pending in the trial court. A different situation existed in Roth, where the party challenging the notice of lis pendens was a named defendant. A distinction should be drawn between these two situations.
When a named defendant files a pleading or initial motion without challenging jurisdiction over its person, it subjects itself to the court's jurisdiction as it relates to the causes of action pending before the court. It must challenge personal jurisdiction at the outset or risk waiving that defense. See Fla. R. Civ. P. 1.140(h). If the defendant does not raise the issue of personal jurisdiction at the outset, it knows that the court will have the power to enter a judgment on the complaint against it at the conclusion of the lawsuit.
On the other hand, when a nonparty files a motion to protect itself from improper discovery under Florida Rule of Civil Procedure 1.280(c) or from an improper trial subpoena under rule 1.410, it should be obvious that the nonparty has no reason to believe that the court will proceed to enter judgment against it. Cf. Norville v. Bellsouth Adver. & Publ'g Corp., 664 So.2d 16 (Fla. 3d DCA 1995) (holding entering judgment against nonparty is fundamental error). Likewise, a *1020 property owner who has been subjected to an improper notice of lis pendens has received no summons or other judicial process and has not been served with a complaint. It has no reason to expect that it will be haled into court as a party or subjected to a judgment on an undisclosed cause of action when it objects to a cloud upon the title of its land. Such a property owner is not subjecting itself to the court's general jurisdiction and is under no obligation to challenge personal jurisdiction when it seeks to dissolve a notice of lis pendens. We disagree with Community Federal to the extent that it relies on Roth to hold otherwise.
Although we deny Mrs. Loidl's petition for writ of certiorari, our ruling does not prevent her from attempting to refile the notices of lis pendens if and when I & E becomes a proper party to the proceedings, or from filing some separate proceeding to protect her interests.
Petition for writ of certiorari is denied.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] This case does not involve an order requiring the posting of a bond to maintain a lis pendens. See Panamericano of S.D., Inc. v. Suncoast Bay Dev., Inc., 829 So.2d 1006 (Fla. 2d DCA 2002). Thus, we are not called upon to determine whether that situation requires any different method of review.
[2] We distinguish this case from Archer v. Archer, 692 So.2d 1009 (Fla. 4th DCA 1997), where although a lis pendens was filed against a warehouse held in the name of a corporation, the trial court found that the warehouse was marital property. The corporation did not attempt to intervene in the trial court and did not participate in the appeal. It is unclear from the opinion what result the Fourth District would have reached if the corporation had appeared and objected.