DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DELTA AGGREGATE, LLC,** a Florida limited liability company, and
**MICHAEL DESIMONE,** a Florida resident,
Petitioners,

v.

**HERMES HIALEAH WAREHOUSE, LLC,** a Florida limited liability
company,
Respondent.

No. 4D18-2252

[March 6, 2019]

Petition for writ of certiorari to the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. CACE 17-013283 (12).

Robert A. Sweetapple and Cynthia J. Miller of Sweetapple, Broeker & Varkas, P.L., Boca Raton, for petitioners.

Paul DeCailly of DeCailly Law Group, P.A., Indian Rocks Beach, for respondent.

PER CURIAM.

Petitioners, Delta Aggregate, LLC (Delta) and Michael DeSimone (DeSimone), seek certiorari review of an order that denied their emergency motion to discharge a lis pendens. We have jurisdiction and grant the petition.[1]

---

[1] This court exercises certiorari review over such orders. *See Kennedy Real Estate Found. v. Goldberg,* 436 So. 2d 1056 (Fla. 4th DCA 1983); *Cooper Vill., Inc. v. Moretti,* 383 So. 2d 705 (Fla. 4th DCA 1980); *see also Archer v. Archer,* 692 So. 2d 1009 (Fla. 4th DCA 1997). The third district exercises non-final review but has recognized that certiorari review is more appropriate. *See Villamizar v. Luna Capital Partners, LLC.,* 260 So. 3d 355 (Fla. 3d DCA 2018); *see also Rodriguez v. Guerra,* 254 So. 3d 521, 521 n.1 (Fla. 3d DCA 2018) (recognizing that prior decisions indicated that certiorari was appropriate to review such orders); *Bankers Lending Servs., Inc. v. Regents Park Inv., LLC,* 225 So. 3d 884, 885 (Fla. 3d DCA 2017) (noting that prior non-final review was based on Rule

While a claim for an equitable lien can support a lis pendens, it must be founded either upon a duly recorded instrument or a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit. *See Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993); *Lakeview Townhomes at the Calif. Club, Inc. v. Lakeview of the Calif. Club Homeowners Ass'n, Inc.,* 579 So. 2d 290 (Fla. 3d DCA 1991). Respondent Hermes Hialeah Warehouse, LLC (Hermes) has not demonstrated either basis to support the lis pendens.

Delta operates a mining operation on real property that it owns. Delta's interests were originally held equally between DeSimone and Raelaur Realty LLC (Raelaur). DeSimone sought to purchase Raelaur's fifty percent interest in Delta. To facilitate the transaction, DeSimone executed a promissory note for the full purchase price in Raelaur's favor. As collateral to secure the note, DeSimone also executed a security agreement for 100% of his membership interest in Delta.

Raelaur received partial payment on the note and then declared DeSimone in default. The parties thereafter entered into a loan modification in which Delta was joined as a party. Under the terms of the loan modification, Delta was to pay Raelaur monthly, specified amounts of the revenue realized from the sale of sand and stone excavated from the property. Raelaur alleges that it was never paid any money nor provided an accounting from Delta under the modification agreement.

Raelaur later assigned its interest under the loan documents and modification agreement to Hermes. Hermes sued Delta and DeSimone for breach of contract and fraud. It filed a lis pendens which the trial court discharged.

Hermes amended the complaint to add a third count to impose an equitable or constructive lien on the real property, and filed the second lis pendens under review. Hermes alleged that Delta and DeSimone failed to make the payments due from its sales revenue. Therefore, it sought an

---

9.130(a)(3)(B), associated with injunctions). This court in *Archer* agreed with the third district that non-final review would be the preferred method of review but noted that Florida Rule of Appellate Procedure 9.130 did not authorize it and urged the appellate rules committee to consider the issue. 692 So. 2d at 1009 n.1. The first district may decline review. *Landmark at Crescent Ridge LP v. Everest Fin., Inc.,* 219 So. 3d 218, 220 (Fla. 1st DCA 2017) (dismissing petition and holding that monetary harm that may result from a lis pendens, such as loss of value or ability to sell to a particular buyer, is insufficient to allow for certiorari review).

equitable or constructive lien on the real property and the materials embedded therein.

In order to maintain a lis pendens not based on a duly recorded instrument or lien, the proponent must show a "fair nexus" between the property that is the subject of the lis pendens and the dispute embodied in the lawsuit. *Chiusolo,* 614 So. 2d at 492. The amended complaint with its claim for equitable or constructive lien does not show the requisite "fair nexus." Rather, it is based solely on Delta's failure to pay those sums claimed to be due from the sale of the excavated materials as provided by the terms of the loan modification agreement. *See Roger Homes Corp. v. Persant Constr. Co.,* 637 So. 2d 5, 6-7 (Fla. 3d DCA 1994). Delta did not grant Hermes, as Raelaur's successor, an interest in or a lien against the property. *Hansen v. Five Points Guar. Bank,* 362 So. 2d 962, 964 (Fla. 1st DCA 1978) ("An equitable lien results . . . only when the intention to offer the land as security for the debt is clearly apparent.") (citation and internal quotation marks omitted). Furthermore, Hermes can obtain complete relief without reference to the property. *Blue Star Palms, LLC v. LED Tr., LLC,* 128 So. 3d 36, 39 (Fla. 3d DCA 2012) (holding that lis pendens could not be maintained where the plaintiff can be afforded complete relief without reference or connection to the property's title).

Based on the foregoing, we grant the petition and quash the order that denied the motion to discharge the lis pendens.

*Petition for writ of certiorari granted and order quashed.*

GERBER, C.J., GROSS and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**