# Third District Court of Appeal

## State of Florida

Opinion filed December 8, 2021.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-1277
Lower Tribunal No. 20-4404

————————————

**ProntoCash, LLC,**
Appellant,

vs.

**The Autoboutique of Miami, Inc., et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Franz C. Jobson, P.A., and Franz C. Jobson (Fort Lauderdale), for appellant.

Pugliese Law, P.A., and Marc C. Pugliese, for appellee Diana Fernandez.

Before EMAS, HENDON, and MILLER, JJ.

HENDON, J.

ProntoCash, LLC ("ProntoCash") files a petition for certiorari seeking to quash an order discharging its lis pendens against the property of non-party Diana Fernandez ("Fernandez"). We treat the petition as an appeal from a final order and affirm.

Daniel Gomez ("Gomez") owns The Autoboutique of Miami, Inc. ("Autoboutique"), an exotic car rental company. Autoboutique offered two cars for sale, a 2015 Mercedes S550 and a 2018 Dodge Ram 3500. Between December 26, 2018 and December 27, 2018, Autoboutique sold the two vehicles to an unrelated third party. That unrelated third party gave Autoboutique two checks to purchase the vehicles, one for $36,500.00, and one for $47,500.00. Autoboutique endorsed and presented both checks for payment to ProntoCash, a check cashing facility with whom Autoboutique routinely did business. ProntoCash gave Autoboutique the cash. Later, the checks were returned for insufficient funds and turned out to be fraudulent. When Autoboutique failed to work out a resolution with ProntoCash, ProntoCash sued Autoboutique to collect payment on two worthless checks pursuant to section 68.065, Florida Statutes, and for violation of the duty of good faith under the Uniform Commercial Code.

On February 20, 2020, ProntoCash filed notices of lis pendens against several vehicles owned by Autoboutique. ProntoCash also filed a notice of

lis pendens against a McLaren that is not owned by Autoboutique. The McLaren is owned by Fernandez, who is not a party to the suit between ProntoCash and Autoboutique. The record shows that Fernandez purchased her vehicle on October 19, 2019, from Formula One Miami, weeks prior to the fraudulent purchases of the Mercedes and Dodge Ram from Autoboutique. ProntoCash asserted below that Gomez was co-mingling his assets with that of Autoboutique and put vehicles in Fernandez's name to avoid any freeze on his assets during his separate, ongoing divorce. The record does not support this assertion as to Fernandez's acquisition of the McLaren. The record shows that title to Fernandez's vehicle was never in the name of, or transferred to, Gomez or Autoboutique. Fernandez moved to discharge the lis pendens. After a three-hour hearing at which the court heard from witnesses, including Fernandez, it found no nexus between the fraudulent checks issued for the two Autoboutique vehicles and Fernandez's ownership of her vehicle, and granted the motion to discharge the lis pendens. ProntoCash did not file a motion for rehearing, and instead filed a petition for certiorari seeking to quash the order discharging the lis pendens against Fernandez's vehicle.

ProntoCash contends that the order granting non-party Fernandez's motion to dissolve the lis pendens is a non-final order, not a final judgment,

and thus review by petition for certiorari is appropriate. Further, ProntoCash asserts that Fernandez has no standing to move to dissolve the lis pendens as she was required to move to intervene in the litigation between ProntoCash and Autoboutique. We find no merit in these arguments.[1]

The determination of the finality of an order is a pure question of law and is subject to de novo review. M.M. v. Fla. Dep't of Child. & Fams., 189 So. 3d 134, 137 (Fla. 2016). To be deemed final, "an order must demonstrate an end to the judicial labor." Hoffman v. Hall, 817 So. 2d 1057, 1058 (Fla. 1st DCA 2002). "The traditional test for finality is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement, if necessary." Id.

The order discharging the notice of lis pendens is not a non-final, interlocutory order because there is no pending case against Fernandez. She was not named in the suit between ProntoCash and Autoboutique and was not served with the complaint. The order discharging the lis pendens against her property operates as a final order as to Fernandez, as there is

---

[1] The arguments raised by ProntoCash in this petition for certiorari are identical to the arguments it raised in Prontocash, LLC v. Autoboutique of Miami, Inc., No. 3D21-1116, 2021 WL 2425290 (Fla. 3d DCA May 17, 2021), in which it sought to strike Fernandez's motion to dissolve the lis pendens based on lack of standing, failure to move to intervene, etc.

no further judicial labor anticipated as to her or to her property that was the subject of the lis pendens. Thus, we conclude that review of this order should be by appeal, not by certiorari. See, e.g., Varela v. OLA Condo. Ass'n, Inc., 279 So. 3d 266, 267 n.1 (Fla. 3d DCA 2019) ("We note that Varela properly sought review through a notice of appeal rather than a petition for certiorari in this case because she is not a party to the litigation below. The order on appeal ended all judicial labor in the case as to Varela and constitutes a final appealable order.").

To consider the merits of ProntoCash's arguments, we look to the standard for evaluating the granting or denying of a motion to discharge a notice of lis pendens. As this Court in LB Judgment Holdings, LLC v. Boschetti, 271 So. 3d 115, 118–19 (Fla. 3d DCA 2019) provided,

> Section 48.23, Florida Statutes (2018), governs notices of lis pendens and the prerequisites for filing them. Section 48.23(3) specifies that when, as here, the underlying lawsuit is not founded on a "duly recorded instrument" or a lien claimed under part I of chapter 713, Florida Statutes (governing construction liens), "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions.

However,

> this standard . . . does not make an order granting or denying a motion to discharge a notice of lis pendens an order pertaining to injunctions within the purview of Rule 9.130(b); it simply means that the circuit court is to utilize the procedural standards or principles applicable to the granting or discharging of injunctions

5

when considering a motion to grant or discharge a notice of lis pendens.

Cooper Vill., Inc. v. Moretti, 383 So. 2d 705, 705 (Fla. 4th DCA 1980).

The relevant question for the trial court, and the reviewing court, is "whether alienation of the property or the imposition of intervening liens . . . conceivably could disserve the purposes for which lis pendens exists. Where the answer is yes, fair nexus must be found." Von Mitschke-Collande v. Kramer, 869 So. 2d 1246, 1250 (Fla. 3d DCA 2004).  For the lis pendens proponent (here, ProntoCash), "fair nexus" means making "a minimal showing that there is at least some basis for the underlying claim[ ] [a]nd . . . show that he or she has a good faith basis to allege facts supporting a claim, and that the facts alleged would at least state a viable claim." Nu-Vision, LLC v. Corporate Convenience, Inc., 965 So. 2d 232, 236 (Fla. 5th DCA 2007).

On de novo review of the record, we conclude that ProntoCash failed to show a "fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." Chiusolo v. Kennedy, 614 So. 2d 491, 492 (Fla. 1993).  Here, there is no underlying lawsuit against Fernandez, and ProntoCash has not shown any good faith basis to support a lis pendens against a vehicle not owned by Autoboutique.  Generally, where the property owner is not named as a party to the action in the

6

complaint, any lis pendens filed against it is without legal basis and must be dissolved. Loidl v. I & E Grp., Inc., 927 So. 2d 1016, 1018 (Fla. 2d DCA 2006); see also Wiggins v. Dojcsan, 411 So. 2d 894 (Fla. 2d DCA 1982) (holding a complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens).

Finally, Fernandez did not need to move to intervene as a party to the lawsuit between ProntoCash and Autoboutique in order to have standing to move to have the lis pendens dissolved. A motion to dissolve a notice of lis pendens does not subject the movant to the general jurisdiction of the trial court. Loidl, 927 So. 2d at 1019-20 ("A property owner who has been subjected to an improper notice of lis pendens has received no summons or other judicial process and has not been served with a complaint. It has no reason to expect that it will be haled into court as a party or subjected to a judgment on an undisclosed cause of action when it objects to a cloud upon the title of its [property]. Such a property owner is not subjecting itself to the court's general jurisdiction and is under no obligation to challenge personal jurisdiction when it seeks to dissolve a notice of lis pendens."); see also Conseco Servs., LLC v. Cuneo, 904 So. 2d 438, 439 (Fla. 3d DCA 2005) (quoting Chiusolo, 614 So. 2d at 492).

Affirmed.