ALFORD v. ADDRESSOGRAPH-MULTIGRAPH CORPORATION.

Civ. No. 3182.

District Court, S. D. California, Central Division.

Jan. 14, 1944.

Carlos G. Stratton, of Los Angeles, Cal., for plaintiff.

Lyon & Lyon, of Los Angeles, Cal., and Wallace & Cannon, of Chicago, Ill., for defendant.

J. F. T. O'CONNOR, District Judge.

This is a motion to quash the summons and dismiss the complaint upon the grounds, (a) that the venue in this action for alleged patent infringement is improper and does not comply with the requirements of the provisions of section 48 of the Judicial Code, 28 U.S.C.A. § 109, and (b) that the complaint should be dismissed for the further reason that this court is without statutory jurisdiction in this action under the venue clause of the complaint.

The plaintiff contends that the general appearance on the part of the defendant has waived his right to a favorable decision on the motion.

The defendant, on or about October 15, 1943, filed the following appearance: "Appearance is hereby entered by LYON & LYON, Leonard S. Lyon, Lewis E. Lyon, and George H. Wallace and Charles B. Cannon of the firm of WALLACE & CANNON, as attorneys for the defendant, Addressograph-Multigraph Corporation."

Again a stipulation was entered into between plaintiff and defendant on October 18, 1943, extending the plaintiff's time to "answer or otherwise plead to the complaint" to November 15, 1943; and a further extension was given by stipulation in the same language, extending the time to December 1, 1943.

Section 48 of the Judicial Code, 28 U.S.C.A. § 109, provides that when the defendant is sued in a district other than that in which he is an inhabitant, he shall in such other district:

(a) " * * * have committed acts of infringement"; and

(b) " * * * have a regular and established place of business."

The record shows these conditions have not been met.

The 9th Circuit has ruled on this question in Endrezze v. Dorr Co., Inc., 9 Cir., 97 F.2d 46; and the Supreme Court in W. S. Tyler Company v. Ludlow-Saylor Wire

Company, 236 U.S. 723, 35 S.Ct. 458, 59 L. Ed. 808.

The court holds that under Rule 12(b) of the Rules of Federal Civil Procedure, 28 U.S.C.A. following section 723c, the filing of a general appearance by the defendant corporation does not preclude the defendant from filing its motion to quash the summons and to dismiss the complaint.

There appears an interesting discussion on Rule 12(b) in 1 Moore's Federal Practice 649, in which the writer states:

"Special appearances are no longer necessary in any case."

"A party who proceeds in accordance with Rule 12 can raise any and all defenses without waiver."

This question was passed upon in Thorne, Neale & Co. v. Coe, D.C.D.C. June 25, 1943, 3 F.R.D. 259.

Rule 12(b) of the Federal Rules of Civil Procedure provides that:

"No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

"(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

The defendant has not answered and it is clear that under the rules if the defendant answered, all of these defenses would be available and by setting up defenses which were formerly raised under a special appearance, and now permitted under a general appearance in an answer, it certainly cannot be said that the defendant, by filing a general appearance, waives his right to rely upon the grounds stated in the motion.

Devine v. Griffenhagen, D.C.Conn., 31 F.Supp. 624, decided February 24, 1940. In this case the court stated as follows at page 626: "In Carter v. Powell, 5 Cir., 104 F.2d 428, it was held that under the new Rules a defendant gains nothing by filing a special appearance; in my view this holding may well be supplemented by the observation that he loses nothing by filing a general appearance." Blank v. Bitker, 7 Cir., 135 F.2d 962, decided June 10, 1943.

The motion to quash the summons and dismiss the complaint is granted.