**PACIFIC LANES, INC., a corporation,**
**Plaintiff,**

**v.**

**BOWLING PROPRIETORS ASSOCIA-TION OF AMERICA, Inc., a corporation, Oregon State Bowling Proprietors Association, a corporation, Greater Portland Bowling Proprietors Association, a corporation, Walter C. Ruecker, W. S. Aman and Bird Company, Inc., a corporation, dba Valley Lanes, Norman Kennedy, dba Pelton Lanes, and D & B Investments, Inc., a corporation, and Darte Russell, dba Jantzen Beach Bowl, Defendants.**

**Civ. No. 65–165.**

United States District Court
D. Oregon.

Sept. 23, 1965.

David P. Templeton, Dusenberry, Martin, Beatty & Parks, Portland, Ore., and

---

**348**

Culp, Dwyer & Guterson, Seattle, Wash., for plaintiff.

Lee Johnson, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Ore., for defendants.

KILKENNY, District Judge.

Before the court is the motion of the defendant, Bowling Proprietors Association of America, Inc. (BPAA), to quash the service of summons and complaint upon it and, incidentally, to withdraw its appearance in this cause.

■ Most of the facts are undisputed. After service of summons and complaint upon defendant, Oregon State Bowling Proprietors Association (OSBPA), Dale M. Harlan, general counsel for said defendant, mailed copies to BPAA. BPAA's general counsel directed a letter to Harlan suggesting extensions of time. Extensions were obtained from the court and copies were presented to BPAA's general counsel. Of course, Harlan could not obtain an extension of time unless, in fact, he represented the defendant. It is true, he testified that when he acted for defendant in obtaining the extensions of time, such acts were inadvertent and that he did not appear on BPAA's behalf. I take this *cum grano salis*. Since he was authorized to secure an extension of time, he certainly was authorized to make an appearance in which to secure such extensions. Later, a special attorney for BPAA directed a letter to Harlan in connection with the selection of additional Oregon counsel for OSPBA, and there stated that he and the BPAA's general counsel would represent it, and *might* associate the additional counsel selected for OSBPA. Out of state counsel are presumed to know the local rule which prohibits them from appearing without associating local counsel. After appearance, the Oregon attorneys noticed the taking of a large number of depositions on behalf of "the defendants in the above entitled action", and the notices were signed by said attorneys as "attorneys for defendants". At the hearing in this cause, the Oregon attorney who signed the notice said that he did not believe that he was representing BPAA. It is my belief, and I find, that he was, in fact, authorized to make this appearance on behalf of BPAA, and was representing it. Be that as it may, the authorities seem to be quite uniform that a defendant may challenge the jurisdiction over his person at any time before answer or, for that matter, in the answer itself. Cases such as Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938) or Placek v. American Life Ins. Co., 288 F. 987 (W.D.Wash.1923) were decided prior to the adoption of the F.R.Civ.P. It is now generally held that Rule 12 abolished, for the federal courts, the common law distinction between general and special appearances, and that a defendant is not required to specially appear in order to attack the court's jurisdiction over his person. Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871 (3d Cir. 1944), cert. denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944). This rule has been followed where a defendant has filed a motion for extension of time in which to answer, Bowles v. Underwood Corp., 5 F.R.D. 25 (E.D.Wis.1945), where there was a joinder of the challenged jurisdiction with the defense on the merits. Fahey v. O'Melveny & Myers, 200 F.2d 420 (9th Cir. 1952); a defense of immunity from personal service may be raised after what is conceded as a general appearance. Skokomish Indian Tribe v. France, 269 F.2d 555, 561 (9th Cir. 1959).

■ Two cases which, at first glance, would appear to arrive at another conclusion, are deserving of mention; Emerson v. National Cylinder Gas Co., 131 F.Supp. 299 (D.Mass.1955) and Spearman v. Sterling S.S. Co., Ltd., 171 F. Supp. 287 (E.D.Pa.1959). In each of those cases, the court felt that the plaintiff had been placed at a disadvantage by the action of the defendant in making a general appearance. In Emerson, defendant stipulated for an extension of time in which to answer, then failed to answer or otherwise plead within the time prescribed. In other words, the de-

fendant was then in default. In commenting on the problem, the court said: "Under Rule 12 a general appearance will not prevent a subsequent contest of the court's jurisdiction over the person. However, that contest must be timely." In Spearman, the defendant filed a notice of taking of a deposition, then delayed some fifteen months before filing an answer, in which was made the challenge to the jurisdiction. In the meantime, the plaintiff's position had changed and he was faced with the bar of the statute of limitations. Consequently, the court held that the long delay constituted a waiver of the right to file a jurisdictional challenge. There is nothing on the facts in the case for me which would indicate that the plaintiff has been placed at a disadvantage by reason of the general appearance made by BPAA. Even though the defendant, on these facts, made a general appearance, it retains the right to challenge the jurisdiction over its person and has a right to withdraw the appearance.

We now turn to the validity of the service of summons and complaint on the moving defendant. It is conceded that the summons was served on Walter C. Ruecker, as "Director" of defendant. The record discloses it is a non-profit association incorporated under Illinois law; that it has not been and is not now licensed to do business in Oregon, nor has it ever designated a registered or other agent to receive service of process in Oregon. While Ruecker is a director of the corporation, the record is clear that he is not an officer. The corporation's officers consist of a president, ten vice-presidents, a secretary, treasurer and sergeant at arms. Its board of directors consists of 200 persons, one of whom is Ruecker. He is not one of the persons named for service in Rule 4(d)(3), F.R. Civ.P., nor is there any evidence to show that he was acting in any special capacity for the corporation, while in the state of Oregon, nor that service on this person might fall within the rule stated in Enco, Inc. v. F. C. Russell Co., 210 Or. 324, 311 P.2d 737. Generally, a director is not considered as a "managing agent", as such, or other corporate representative, as is subject to service of process. Oklahoma Fire Ins. Co. v. Barber Asphalt Paving Co., 34 Okl. 149, 125 P. 734 (1912); Bennett v. Chicago Lumber & Coal Co., 201 Iowa 770, 208 N.W. 519 (1926). Finding a lack of authority in Ruecker, I have no alternative but to sustain the motion to quash.

An appropriate order may be presented quashing the service and permitting defendant to withdraw its general appearance.