PEARSON, Judge.
The plaintiff, llene Kirshner, appeals an order of the trial court entitled “Order Granting Motion in Abatement.” In this order, the court finds:
“1. That the court does not have jurisdiction of the person of Louis Shernow, named as defendant herein, because (a) said defendant was not served personally and (b) process was served on Lila Sher-now, defendant’s spouse, at her place of business rather than at defendant’s place of abode, as by statute required; and
“2. That defendant is entitled to abatement of the action, pending proper service, with leave to answer or otherwise to defend, de novo.”
The plaintiff contends that the court erred in granting defendant’s motion to abate the proceedings because the defendant had already appeared generally in the cause and filed his answer prior to seeking to abate the action because of failure to serve process in accordance with the statute. The record shows that a complaint was filed by llene Kirshner on August 10, 1977, claiming damages for personal injuries received as a passenger in an automobile owned by the defendant and operated by another person with permission of the owner. It was claimed that her injuries were caused by the negligent operation of the automobile. Thereafter, on August 23, 1977, the defendant filed with the clerk of the circuit court a handwritten letter in *714 which he denied the allegation that the automobile was operated with his permission and asked that the letter be filed in the cause. Thereafter, on January 20, 1978, attorney for the defendant filed a motion to abate the cause alleging that personal service was not made on the defendant in accordance with the statute and the order appealed was entered thereon.[1]
The defendant, having entered a general appearance by filing an answer without filing therewith a motion attacking the jurisdiction of the court over his person, has waived the service of process. See Florida Rule of Civil Procedure 1.140; Krasnosky v. Krasnosky, 282 So.2d 186 (Fla. 1st DCA 1973).
Reversed and remanded with directions to deny the motion to abate and for further proceedings in accordance with the views herein expressed.
Reversed and remanded.

. The defendant has not favored this court with a brief.