PER CURIAM.
This is an appeal by the Takos, the plaintiffs below, from a non-final order quashing service of process on Mayer Rothkopf Industries, Inc. and Mayer & Cie. We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(C)(i).
We affirm the order of the trial court upon a holding that (1) the plaintiffs, whose complaint, in pertinent part, alleged that the defectively manufactured machine which caused injury to Reuven Tako was sold by the defendant manufacturers/brokers to Reuven Tako’s employer in 1972, obviously could not show that the machine was manufactured after July 1, 1973, the effective date of Section 48.193, Florida Statutes (1979), and otherwise failed to satisfy their burden to clearly show that the machine was manufactured after July 1, 1970, the effective date of the predecessor statute, Section 48.182, Florida Statutes (1971), so as to make either of these long-arm statutes authorizing service upon nonresident defendants applicable to the present case, see Babcock v. Volkswagenwerk Aktiengesellschaft, 371 So.2d 1100 (Fla. 3d DCA 1979); Yachts v. Ray Richard, Inc., 347 So.2d 779 (Fla. 3d DCA 1977); Joyce Bros. Storage & Van Co. v. Piechalak, 343 So.2d 97 (Fla. 3d DCA 1977); Griffis v. J. C. Penney Co., Inc., 333 So.2d 503 (Fla. 1st DCA 1976); (2) the plaintiffs have similarly failed to sufficiently allege jurisdictional facts to clearly justify service upon these defendants under Section 48.181, Florida Statutes (1979) (in effect since 1957), see Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla.1977); Elmex Corp. v. Atlantic Federal Savings and Loan Association of Ft. Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976); (3) if, ar-guendo, the plaintiffs’ pleading had been sufficient to make Section 48.181, Florida Statutes (1979), applicable ab initio, shifting the burden to the defendants to show, by prima facie proof, its inapplicability, Electro Engineering Products Co., Inc. v. Lewis, supra, the defendants made the required showing which was not overcome by the plaintiffs.
Affirmed.