392 So.2d 1342 (1980)
WEATHERHEAD COMPANY, Appellant,
v.
Salvatore COLETTI and Tonya Coletti, His Wife, Salvatore L. Coletti and Tonya Coletti, As Next Friends of Christine Coletti, a Minor, Sea Horse Motel, Inc., and Public Gas Company, Appellees.
No. 80-1217.
District Court of Appeal of Florida, Third District.
November 25, 1980.
Rehearing Denied February 18, 1981.
*1343 Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Claudia B. Greenberg, Miami, for appellant.
Kurzban & Kurzban and Steven M. Weinger, Miami, Conroy & Simberg and Bruce F. Simberg, Hollywood, for appellees.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and LILES, WOODIE A. (Ret.), Associate Judge.
SCHWARTZ, Judge.
The trial judge denied the appellant Weatherhead Company's otherwise timely motion to dismiss for lack of jurisdiction over its person, explicitly on the ground that the jurisdictional objection had been waived by the filing, prior to the motion, of a "notice of appearance"[1] of its counsel. Although this ruling was understandably made in accordance with a formidable array of Florida authority, we hold to the contrary and therefore reverse the order below.[2]
The effect of a notice of appearance upon a later asserted jurisdictional objection is an issue of first impression in this court.[3] In ruling on related questions, however, we have held that "[a] general appearance ordinarily will be effected by making a motion involving the merits of plaintiff's *1344 claim and his to maintain the suit and secure the relief sought." McKelvey v. McKelvey, 323 So.2d 651, 653 (Fla. 3d DCA 1976); see also, Gelkop v. Gelkop, 384 So.2d 195, 203 (Fla. 3d DCA 1980) (Schwartz, J., dissenting in part, specifically concurring in part); Kirshner v. Shernow, 367 So.2d 713 (Fla. 3d DCA 1979); Lawrence v. Lawrence, 130 So.2d 639 (Fla. 3d DCA 1961). Such statements do not, it is true, constitute a determination that the converse is also correct-that is, that a document which seeks no relief whatever and is not itself inconsistent with an assertion of lack of jurisdiction will not serve to waive that objection. We now take that step. There is no basis in the rules and no reason in policy for a determination that the mere filing of an entirely neutral and innocuous piece of paper, which indicates no acknowledgment of the court's authority, contains no request for the assistance of its process, and, most important, reflects no submission to its jurisdiction should nevertheless be given just that effect.[4] Such a conclusion represents, we think, no less than the apotheosis of a meaningless technicality. It cannot be accepted in a judicial era which requires that, as far as is consistent with orderly procedure, the rights of parties be decided on the merits of their positions. We thus entirely agree with the contrary opinion of Judge Robert Smith, specially concurring in Marine Distributors of Virginia v. Kelly, 374 So.2d 592, 593 (Fla. 5th DCA 1979), appeal dismissed, 383 So.2d 1198 (Fla. 1980):
The rules of civil procedure know no such thing as a `notice of appearance' and they extract no penalty for the use of it as a convenient way of placing counsel's name and address on the record to avoid court action on some extra-ordinary early application by the plaintiff, with notice to defendant personally but not to his counsel, or to guard against an unnoticed default entered upon some later inadvertence by defendant's counsel. Rule 1.140(b) permits the simultaneous assertion, without waiver, of jurisdictional defenses and defenses on the merits. The similar federal rule has been construed to permit the filing of substantially inconsequential papers such as this `notice of appearance' without waiver of the right to file a timely pleading contesting the court's jurisdiction of the defendant's person. Fed.R.Civ.P. 12(b); Grammenos v. Lemos, 457 F.2d 1067 (2d Cir.1972); Housing Authority of City of Atlanta v. Millwood, 472 F.2d 268 (5th Cir.1973); Wright v. Yackley, 459 F.2d 287 (9th Cir.1972). If we had not so recently and repeatedly enforced the common law rule, I would vote for its assignment to oblivion, ... .[5]
Since, unlike Judge Smith, we are not bound by any prior inconsistent decision, we are free to adopt the views so well expressed in his opinion, notwithstanding that, by doing so, we bring ourselves into direct conflict with decisions of each of our sibling courts of appeal. Fulmer v. Northern Central Bank, 386 So.2d 856 (Fla. 2d DCA 1980); Marine Distributors v. Kelly, supra; Hotel and Restaurant Employees Union v. Lake Buena Vista Communities, Inc., 349 So.2d 1217 (Fla. 4th DCA 1977); Viator v. Morgan Construction Co., 344 So.2d 657 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 173 (Fla. 1977); Royal Industries, Inc. v. Birdsong, 340 So.2d 526 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 408 (Fla. *1345 1977); see also, White v. Nicholson, 386 So.2d 74 (Fla. 2d DCA 1980). We accordingly hold that the notice of appearance had no effect on Weatherhead's ability to raise the claim that it was not subject to the jurisdiction of the court. Accord, Pacific Lanes, Inc. v. Bowling Proprietors Association of America, Inc., 248 F. Supp. 347 (D.Or. 1965); Alford v. Addressograph-Multigraph Corp., 3 F.R.D. 295 (S.D.Cal. 1944), appeal dismissed, 143 F.2d 595 (9th Cir.1944); see, D'Amico v. Treat, 379 F. Supp. 1004 (N.D.Ill. 1974), affirmed, 510 F.2d 976 (7th Cir.1975) (appearance does not waive objection to venue).[6]
We must therefore consider the merits of Weatherhead's motion to dismiss. Weatherhead is a foreign corporation which was joined as a defendant in three consolidated damage suits and as a third-party defendant for contribution and indemnity, because it had allegedly negligently manufactured a multi-valve assembly later incorporated into a liquid petroleum storage tank. The tank was installed at a Marathon Shores motel. In 1979, the tank exploded, causing serious personal injuries and extensive property damage. "Personal" service was attempted on Weatherhead in Cleveland, Ohio[7] under Section 48.193(1)(f)(2), Florida Statutes (1979), the provision of the long-arm statute which applies under some circumstances when a product manufactured elsewhere causes injury within the state of Florida. For two separate reasons, the service was ineffective. First, the general and conclusory jurisdictional allegations in the amended complaints and third-party complaint were entirely insufficient. Life Laboratories, Inc. v. Valdes, 387 So.2d 1009 (Fla. 3d DCA 1980), and cases cited.[8] Second, and more significant, it was established that the product manufactured by Weatherhead was made and distributed sometime in the 1950s well before the 1970 effective date of the original statutory predecessor of Section 48.193. Thus, the provision invoked below could not apply to this case. Tako v. Mayer Rothkopf Industries, Inc., 388 So.2d 1092 (Fla. 3d DCA 1980) and cases cited.
For these reasons, the order under review is reversed and the cause remanded with directions to grant the motion to dismiss, without prejudice to any further attempt by the appellees to perfect service on Weatherhead under alternative statutory procedures.[9]
Reversed and remanded.
NOTES
[1] The document stated simply:

TO: CLERK OF THE ABOVE STYLED COURT
PLEASE TAKE NOTICE of the appearance of the Law Firm of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius as counsel for Weatherhead Company.
[2] Jurisdiction to review the order is conferred by Fla.R.App.P. 9.130(a)(3)(C)(i).
[3] The closest prior case is Paulson v. Faas, 171 So.2d 9 (Fla. 3d DCA 1965), which held that an extra court stipulation extending the time to answer did not waive a jurisdictional defense. This conclusion is at least not inconsistent with the one reached in this case.
[4] The appellees suggest that the "notice of appearance-automatic waiver of jurisdiction" rule has the advantage of certainty of application in the trial court. It seems to us, however, that a rule which gives no effect whatever to a notice of appearance is just as clear as the contrary one which makes it decisive. In any case, it is no recommendation of an unsound doctrine that it is easy to administer.
[5] Judge Smith indicated his position "in favor of a waiver rule applying only when the defendant, without reserving his jurisdictional objection, takes some action the effect of which is to request relief on the merits. See, McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976); First Wisconsin Nat'l Bank of Milwaukee v. Donian, 343 So.2d 943 (Fla. 2d DCA 1977), cert. denied, 355 So.2d 513 (Fla. 1978)." Since only the effect of the notice of appearance is presently before us, we need not now indicate the contents of an alternative rule. We merely decide that the notice is immaterial in deciding the waiver question.
[6] There would be a different result if an appearance gave rise to some detriment to the adverse party. See, Spearman v. Sterling S.S. Co., Ltd., 171 F. Supp. 287 (E.D.Pa. 1959), discussed in Pacific Lanes, Inc. v. Bowling Proprietors Ass'n of America, supra, 248 F. Supp. at 348-49. No such disadvantage appears in this case.
[7] Pursuant to Section 48.194, Florida Statutes (1979).
[8] This will no longer be the case under the new Fla.R.Civ.P. 1.070(i), effective January 1, 1981. See, In re Rules of Civil Procedure, 391 So.2d 165 at 166 (Fla. 1980) (Case no. 58,986, opinion filed, October 9, 1980), slip opinion at 3.
[9] See, Atlas Aircraft Corp. v. Buckingham, 302 So.2d 163 (Fla. 4th DCA 1974). We specifically express no opinion as to Weatherhead's amenability to service through the secretary of state under Sec. 48.181, Fla. Stat. (1979), or the effect upon that issue of the fact that the corporation was apparently formally registered to do business in Florida between 1950 and 1959.