484 So.2d 43 (1986)
Suzanne JONES, Appellant,
v.
JACK MAXTON CHEVROLET, INC., Appellee.
No. BF-388.
District Court of Appeal of Florida, First District.
February 12, 1986.
Rehearing Denied March 21, 1986.
*44 Jack M. Ross of Birr, Bryant, and Saier, Gainesville, for appellant.
William C. O'Neal and John P. O'Neal, Gainesville, for appellee.
BARFIELD, Judge.
This case arose as the result of a criminal incident in which one James Alden allegedly kidnapped, threatened, robbed, assaulted and injured Suzanne Jones, the appellant. Appellant was apparently locked in her car at the time of the incident, but Alden gained access to the car by means of a key which was provided to him by a Florida Chevrolet dealer, Gary Massey Chevrolet, Inc., after he had obtained the "key number" for the automobile from the Ohio automobile dealer, Jack Maxton Chevrolet, Inc., appellee. Appellant sued both dealers, asserting personal jurisdiction over appellee under section 48.193(1)(f)2., Florida Statutes. Her complaint pled the basis for service of process on appellee essentially in the language of the statute, pursuant to Florida Rules of Civil Procedure 1.070(i).[1]
The trial court granted appellee's motion to dismiss for lack of jurisdiction and insufficient service of process, with leave to amend the complaint. The trial court noted appellant's position that she had precisely followed the requirements of Rule 1.070(i), but found that a construction of the rule "which permits the exercise of jurisdiction by a court without requiring pleadings of ultimate fact to support the legal conclusions contained in at least a portion of `long arm' statute" would unconstitutionally violate the "minimum contacts" requirements of Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977). Appellant twice amended her complaint, alleging jurisdiction under section 48.193(1)(f), and also alleging that the court had "in rem" jurisdiction over appellee's insurer's obligation to defend and indemnify appellee. In its final order dismissing with prejudice appellant's second amended complaint, the trial court found that no allegations of significance had been added to the complaint to cause the court to alter its position as stated in its earlier order, and rejected appellant's alternate theory of "in rem" jurisdiction as having no legal basis in Florida. We affirm the dismissal of the complaint for lack of jurisdiction, but not for the precise reasons stated by the trial court.
Although the question has apparently been overlooked by both parties and the trial court, appellant may not allege jurisdiction under section 48.193(1)(f)2., because this subsection was intended to provide *45 jurisdiction over foreign manufacturers or dealers who place into the stream of commerce defective products which cause injury to persons or property within the State of Florida. Electro Engineering, 352 So.2d at 864. Appellant's cause of action is not for an injury caused by a defective product, but for injuries which proximately resulted from the negligence of a foreign corporation. Her automobile was merely the situs of the incident. This is not the sort of situation contemplated by this subsection of the long arm statute.[2] There is no indication, however, that the trial court based its order dismissing the count against appellee upon this determination. Instead, the court found that the allegations of the complaint, notwithstanding that they complied with the requirements of Rule 1.070(i), did not comply with the "minimum contacts" requirement of International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny, including Electro Engineering, and were therefore insufficient.[3]
In Elmex Corporation v. Atlantic Federal Savings and Loan Association of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976), the court set out the distinction between a plaintiff's burden of pleading and a plaintiff's burden of proof when he seeks to invoke the provisions of the statutes authorizing service on nonresidents of Florida. The court observed that a defendant may challenge the legal sufficiency of the pleading by filing a motion to dismiss or abate on the ground of lack of jurisdiction over the person, but that
The motion, in essence, must be treated as admitting all facts properly pleaded pertinent to the conduct and activities of the defendant in the forum state and constitutes an assertion that as a matter of law such facts are nevertheless legally insufficient to demonstrate the applicability of the long-arm statute.
325 So.2d at 61. A defendant seeking to present and argue factual matters not yet in the record is required to support the motion to dismiss with an affidavit or other proof. If this supporting proof contravenes allegations made in the complaint,
[T]he issue then becomes "one of proof" with the burden shifting to the plaintiff to clearly show by competent proof that the allegations of the complaint justify the application of the long-arm statute....
Competent proof presented by a plaintiff may be evidenced by a sworn affidavit either reciting matters substantially alleged in the complaint or asserting with particularity specific facts which support a general allegation in a complaint.
Id. at 62.
The Committee Note to Rule 1.070(i) indicates that the subdivision was added to eliminate pleading evidentiary facts for long arm service of process, that it was not intended to change the distinction between pleading and proof enunciated in Elmex Corporation, and that it was intended to apply only to pleading, not proof.[4] In Dublin Company v. Peninsular Supply Company, 309 So.2d 207 (Fla. 4th DCA 1975), the court held that the long arm statute is drawn so that compliance with its requirements will more than satisfy the due process requirement of minimum contacts *46 enunciated in International Shoe Company. In Horace v. American National Bank and Trust Company of Fort Lauderdale, 251 So.2d 33, 36 (Fla. 4th DCA 1971), the court set out the criteria for determining the outer limits of in personam jurisdiction:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; second, the cause of action must derive from the defendant's activities there; third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.
(emphasis in the original). In amending Rule 1.070, the Florida Supreme Court recognized that a complaint which pleads that products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in injury to persons or property within this state (thus tracking the language of section 48.193(1)(f)2.) fulfills the "minimum contacts" requirement, to the extent that the sufficiency of the pleadings are challenged.[5] Of course, where the proof submitted in support of the defendant's motion to dismiss contravenes this allegation, the plaintiff has the burden of proving the allegation, by affidavit, deposition or other proof.
As noted earlier, appellant may not, under the circumstances, plead jurisdiction over appellee under section 48.193(1)(f)2., and we affirm the trial court's order of dismissal on that basis. However, we feel compelled to point out that if this had been a cause of action for injury to appellant's person by a defective product, a complaint which alleged that she was injured in Florida by a defective product manufactured by appellee, that appellee's products were used in Florida in the ordinary course of commerce, that the use of the product resulted in the injury, and that appellee caused the injury by manufacturing and selling the defective product, would sufficiently allege jurisdiction over appellee for purposes of both the statutory and constitutional requirements. Upon challenge by appellee, supported by affidavits or other proof that its products were not used in Florida in the ordinary course of commerce, appellant would then be required to prove the truth of her allegations, which would logically require more specific detail regarding which products were used, how they came into the state and so on. It is important that trial courts, and the parties who litigate before them, recognize the difference between the stage at which the sufficiency of the pleadings has been challenged, and the stage at which the plaintiff is called upon to prove the allegations of his complaint. See Elmex Corporation, cited above.
We find no merit in appellant's assertion that the court possessed "in rem" jurisdiction over the contractual obligation of appellee's insurer. Neither party before us has cited Rush v. Savchuk, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), in which the U.S. Supreme Court held that the mere fact that a liability insurer does business in a state where the suit was brought against a nonresident insured is not such a "contact" between the forum state and the *47 nonresident insured as will satisfy the requirements of due process and permit the forum state to exercise quasi in rem jurisdiction over the insured by attaching the insurer's contractual obligation to defend and indemnify the insured in connection with the suit. Appellant's reliance upon Hertz Corporation v. Piccolo, 453 So.2d 12 (Fla. 1984), is misplaced because Hertz involved a Louisiana direct action statute which permits a plaintiff to proceed directly against an insurer without the necessity of proceeding against the insured. Florida has no such right of direct action; the insured is an indispensable party. See Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972), cert. den. 276 So.2d 168 (1973).
We approve the trial court's determination that appellant's theory of "in rem" jurisdiction has no legal basis in Florida. We also approve its determination that appellant has not sufficiently alleged jurisdiction under section 48.193(1)(f)2., but for the reason set out in this opinion. We reject its basis for this determination and hold that, for purposes of determining the sufficiency of the pleadings, due process is satisfied where the complaint pleads the relevant language of the long arm statute.
AFFIRMED.
BOOTH, C.J., and WIGGINTON, J., concur.
NOTES
[1] Fla.R.Civ.P. 1.070(i) provides:

When service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service.
[2] Under the circumstances, it is not appropriate for this court to determine whether appellee may be amenable to the jurisdiction of Florida courts under an alternative theory of jurisdiction, or whether appellant's allegations would support the exercise of an alternative theory of jurisdiction. See Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367, 369 (Fla. 4th DCA 1978).
[3] The trial court was apparently under the impression that Rule 1.070(i) does not relate to jurisdictional pleadings, but only to "service of process." Since service of process on nonresidents under the rule is authorized only if the court has jurisdiction over the nonresident under the Florida long arm statutes, this finding was in error.
[4] If the statutory allegations are attacked by motion, the pleader must then prove the evidentiary facts to support the statutory requirements. If denied in a pleading, the allegations must be proved at trial. See the Committee Note to Rule 1.070(i).
[5] See Weatherhead Company v. Coletti, 392 So.2d 1342 1345, f. 8 (Fla. 3d DCA 1980), approved 409 So.2d 1026 (1982). See also Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corporation, 415 So.2d 892 (Fla. 3d DCA 1982), and White v. Kirsch, 427 So.2d 1119 (Fla. 3d DCA 1983).

Numerous cases provide that where a manufacturer introduces its products into the stream of commerce (which foreseeably includes distribution to the forum state), it has purposefully availed itself of the privilege of causing a consequence in the forum state, and where a person or his property within the State of Florida is injured by the foreign corporation's product, Florida has a legitimate state interest in protecting its citizens and their property within its borders so that the exercise of jurisdiction over the foreign corporation is reasonable. See cases cited in Ford Motor Company v. Atwood Vacuum Machine Company, 392 So.2d 1305 (Fla. 1981), appeal dismissed, cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401.