THOMPSON, Judge.
Parthnais (plaintiff) appeals an order dismissing his complaint for lack of jurisdic *533 tion over Venetian Salami Company (defendant). He contends the trial court erred in dismissing his complaint because it sufficiently alleged the facts necessary to comply with § 48.193, Fla.Stat. so as to obtain personal jurisdiction. We agree and reverse.
The defendant contends that although the statutory requirements for jurisdiction may have been met, constitutional due process requires that a defendant must have sufficient minimum contacts in the state. Defendant argues that once he controverts personal jurisdiction by asserting the lack of minimum contacts, the burden shifts to the plaintiff to show by affidavit that the defendant did have sufficient minimum contacts.
There is conflict in the Florida appellate decisions as to whether it is necessary to show the defendant has sufficient minimum contacts to satisfy the due process rights of the defendant in addition to alleging the statutory requirements to obtain personal jurisdiction. The decisions of two District Courts of Appeal support the view urged by the defendant and hold that meeting the statutory requirements is only the first step. The second step is to show that the defendant has minimum contacts in the state in order to satisfy the due process requirement. Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987); Osborn v. The University Society, 378 So.2d 873 (Fla. 2d DCA 1979). Two other District Courts of Appeal have held that once the plaintiff has met the requirements of § 48.193, the plaintiff does not have to further allege sufficient minimum contacts in the state to meet constitutional due process. Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43 (Fla. 1st DCA 1986); Engineered Storage Systems v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982). Our decision in this case is controlled by the prior decision of this court in Jones. The plaintiff alleged sufficient facts to comply with § 48.193. If the defendant challenges the allegations in the complaint the burden shifts to the plaintiff to offer proof of the allegations by affidavit. Jones, 484 So.2d at 46. The defendant challenged the allegations of the complaint and the plaintiff filed affidavits in support of his allegations in compliance with Jones.
The order dismissing the complaint is reversed and this cause is remanded for further proceedings.
WENTWORTH and WIGGINTON, JJ., concur.